UNITED STATES DISTRICT COURT
for the
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC 0 6 2019
AT_____ _____O'CLOCK
John M. Domurad, Clerk - Albany

|  |  |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO IDENTIFY AND LOCATE THE INDIVIDUAL AND TARGET CELLULAR DEVICE ASSOCIATED WITH PHONE NUMBER (518) 210-1564 | Case No.  1:19-MJ-812 (CFH) |

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:
*(identify the person or describe the property to be searched and its given location)*:

See Attachment A.

located in the ___Northern___ District of ___New York___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B,

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape from Custody |

The application is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days):  Click here to enter a date. is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Deputy U.S. Marshal Jeffrey Susi
_____
*Printed name and title*

AO 106 (Rev. 04/10) Application for a Search Warrant *(Page 2)*

Sworn to before me and signed in my presence.

Date: December 6, 2019

*Judge's signature*

City and State: Albany, NY

Hon. Christian F. Hummel, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO IDENTIFY AND LOCATE THE INDIVIDUAL AND TARGET CELLULAR DEVICE ASSOCIATED WITH PHONE NUMBER (518) 210-1564 | Case No. 1:19-MJ-_____ (CFH)  **Filed Under Seal** |

### Affidavit in Support of an Application for a Search Warrant

I, Deputy U.S. Marshal Jeffrey Susi, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (518) 210-1564, (the "Target Cellular Device"), which is further described in Attachment A, and known to be used by Autumn Saglimbeni (hereinafter, "SAGLIMBENI").

2. I am a Deputy U.S. Marshal for the Northern District of New York. I have worked in law enforcement for 24 years, nearly all of this time has been spent with federal agencies. From 1996 to 2000, I was a Detention Enforcement Officer with the U.S. Immigration and Naturalization Service. Since 2000, I have been a Deputy U.S. Marshal, first in the Western District of New York and now in the Northern District of New York. In 2004, I graduated from the Basic Criminal Investigator School at the Federal Law Enforcement Training Center. Since 2007, I have been assigned to the U.S. Marshals Service's New York/New Jersey Regional Fugitive Task Force. I am currently the Deputy-In-Charge of the Albany Division of this task force. In this role, I have been involved in hundreds of cases where law enforcement has sought to locate fugitives from

justice. As such, I have extensive experience in investigating crimes involving escapes from custody and tracking down fugitives.

3. I also have experience helping to execute warrants authorizing the use of the investigative technique described in Attachment B.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. This Court has authority to issue the requested warrant under Federal Rule of Criminal Procedure Rule 41(b)(1) & (2) because the targeted individual and his cellular device are believed to be located inside this judicial district. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that SAGLIMBENI has violated 18 U.S.C. § 751(a), Escape from Custody. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting SAGLIMBENI who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

8.   A search warrant may not be legally necessary to permit the investigative technique described herein. Nevertheless, I submit this warrant application out of an abundance of caution.

## Basis for a Probable Cause Finding

*Background*

9.   On May 27, 2015, SAGLIMBENI waived indictment and pleaded guilty to an Information charging her with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. *See* Dkt. ## 1-5, *United States v. Autumn Saglimbeni*, No. 15-CR-156-LEK-1 (N.D.N.Y. May 27, 2015).

10.   On October 5, 2015, the Honorable Lawrence E. Kahn entered a judgment sentencing SAGLIMBENI to, among other things, 77 months of incarceration to be followed by three years of supervised release. *See* Dkt. # 8, *United States v. Autumn Saglimbeni*, No. 15-CR-156-LEK-1 (N.D.N.Y. Oct. 5, 2015).

*The Instant Offense*

11.   On July 25, 2019, as part of the Bureau of Prisons' re-entry protocol, SAGLIMBENI was transferred from FCI Danbury, a federal correctional institution in Danbury, Connecticut to the Horizon House Residential Reentry Center ("Horizon House"), a halfway home in Albany, New York. SAGLIMBENI's estimated release date is December 13, 2019. When she entered the Horizon House, SAGLIMBENI reported that his wireless phone number is (518) 210-1564, the phone number associated with the Target Cellular Device.

12.   On November 7, 2019, at 8:00 a.m., SAGLIMBENI left Horizon House and, while exiting stated "I am leaving." SAGLIMBENI then ran towards Morton Avenue in Albany, New York and has not returned to Horizon House. Since SAGLIMBENI's escape from custody, members of Horizon House have spoken with SAGLIMBENI over the Target Cellular Device and, during those conversations, SAGLIMBENI indicated she would self-surrender. However,

SAGLIMBENI has not yet returned to Horizon House. During these telephone calls, SAGLIMBENI was using the Target Cellular Device, that is a device associated with the phone number (518) 210-1564.[1]

13. Based on the foregoing, your affiant today filed a criminal complaint charging SAGLIMBENI with escape from custody in violation of 18 U.S.C. § 751(a). Further, determining the location of the Target Cellular Device will allow law enforcement to determine the location of SAGLIMBENI and therefore to return her to federal custody.

### Manner of Execution

14. The proposed warrant seeks to employ an electronic investigative technique described in Attachment A for a period of 30 days.

15. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

16. To facilitate execution of this warrant, law enforcement may use an investigative device that sends signals to nearby cellular devices, including the Target Cellular Device, and in reply, the nearby cellular devices will broadcast signals that include their unique identifiers. The investigative device may function in some respects like a cellular tower, except that it would not be connected to the cellular network and cannot be used by a cell to communicate with others.

---

[1] A search of a public records database used by law enforcement indicates that the wireless carrier Sprint is the provider for the device assigned phone number (518) 210-1564.

4

17. Law enforcement would use this investigative device when they have reason to believe that a defendant identified above is, or will soon be, present in the immediate vicinity. Because there is probable cause to conclude that the location of the Target Cellular Device is relevant to this investigation, there is probable cause to use the investigative technique described by the warrant to determine the location of the Target Cellular Device.

18. The investigative device may interrupt cellular service of cellular devices within its immediate vicinity. Any service disruption will be brief and temporary, and all operations will attempt to limit the interference of cellular devices. Once law enforcement has identified the Target Cellular Device in a given location, it will delete all information concerning non-targeted cellular devices. Absent further order of the court, law enforcement will make no investigative use of information concerning non-targeted cellular devices other than to distinguish the Target Cellular Device from all other devices.

**Authorization Request**

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation, as such a disclosure would give the targets and others an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from

prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Jeffrey Susi
Deputy U.S. Marshal
U.S. Marshals Service

Subscribed and sworn to before me on December 6, 2019

_____
Hon. Christian F. Hummel
United States Magistrate Judge

## **ATTACHMENT A**

The cellular telephone assigned call number (518) 210-1564 whose provider is Sprint (the "Target Cellular Device").

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the Target Cellular Device, whose wireless provider is Sprint.

## ATTACHMENT B

Pursuant to an investigation of Autumn Saglimbeni (hereinafter, "SAGLIMBENI") for a violation of 18 U.S.C. § 751(a), Escape from Custody, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).