UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| vs. | ) ) | Case No. 16-cr-10094-LTS |
| ROSS MCLELLAN | ) ) ) | |
| Defendant. | ) | |

**JOINT STATEMENT REGARDING UNSEALING OF PAPERS FILED
IN CONNECTION WITH STATE STREET'S MOTION TO QUASH**

Defendant Ross McLellan and non-party State Street Bank and Trust Company ("State Street") submit this joint statement in response to the Court's request for their position on the confidentiality issues that the Court raised in its order of January 19, 2018. State Street and McLellan agree that the lion's share of the filings at issue may be unsealed. State Street requests, however, that for the reasons stated below, the Court continue to maintain narrow portions of those filings under seal, including a small number of exhibits and passages from the briefs that quote from those exhibits. These materials include: (1) a confidential settlement communication between State Street's counsel and the Department of Justice; (2) confidential communications between State Street entities in the United Kingdom and the United Kingdom's Financial Conduct Authority (the "FCA"); (3) an excerpt of a confidential report that Deloitte LLP prepared for the FCA; and (4) the names of the clients that the Government has alleged were overcharged. With the Court's permission, State Street will submit under seal for the Court's consideration a version of the filings at issue that redacts this information.

The Government assents to this request. McLellan assents to section 1 and does not object to sections 2 through 4 of this request.

1.  <u>Confidential Settlement Communications</u>:  Exhibit B to McLellan's opposition is an excerpt of a letter State Street sent the Department of Justice that expressly states it is a "Confidential Settlement Communication."  The excerpt reflects, among other things, details on the clients at issue in the indictment and State Street's response to learning of these events.  McLellan obtained that letter from the Department of Justice in discovery.

"Rule 17(c) subpoenas and related materials [] are not relied on to determine the litigants' substantive rights," and therefore there is no presumption of public access.  *See United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013) ("public access has little positive role in the criminal discovery process").  Nor is there any reason for it here.

As the First Circuit explained, even in the case of dispositive motions, where there may be a presumption public access, "[i]mportant countervailing interests can . . . overwhelm the usual presumption" of public access.  *Id.* at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir.1998)).  There are important countervailing interests here.  Namely, State Street's settlement communications were sent to the DOJ with a reasonable expectation of confidentiality, and preserving that expectation serves an important public policy.  "If parties fear that the substance of their settlement negotiations might be disclosed, they will not negotiate earnestly or candidly.  This, in turn, will make settlements far less likely."  *United States ex rel. Underwood v. Genentech, Inc.*, 2010 WL 8917474, at *2 (E.D. Pa. Oct. 7, 2010)).  Settlement communications like the one at issue here are rarely, if ever, made public.  If that was to happen here, there is a considerable likelihood that it will chill other settlement discussion and be an obstacle to candor.

2.  <u>Confidential Communications with the FCA</u>:  Exhibits B and C to State Street's reply brief are letters that State Street entities in the U.K. submitted to the FCA, which is their

regulator. Those letters summarize State Street's investigation to that point and enclosed summaries of each of the transitions at issue which were prepared by State Street's U.K. counsel. In the U.K., communications between a regulator like the FCA and a regulated entity are not made public except in rare circumstances not applicable here. *See* U.K. Financial Services and Markets Act of 2000 § 348(1) (prohibiting FCA from disclosing confidential information without the consent of the person that provided the information and the person to whom it relates); *id.* § 348(1) (defining confidential information as information relating to the non-public business of another and that was received for purposes of any functions of the FCA). As matter of comity, these documents should not be made public here, particularly where they were only provided to the court in connection with a procedural motion. Doing so may also serve as an impediment to companies' candor with the FCA where there may be a possibility of U.S. involvement at some point.

      3.    <u>Excerpt of the Deloitte Report</u>: Exhibit Q to State Street's opening brief is an excerpt of Deloitte's report to the FCA, which summarizes Deloitte's conclusions and discusses certain of the clients at issue in this case. The entire report, including this excerpt, is labeled "Strictly Private and Confidential." Reports to the FCA of skilled persons, like Deloitte's report, are not public documents in the U.K. and are afforded the same confidential treatment under U.K. law. Again, as a matter of comity, they should be afforded the same treatment here.

      4.    <u>Identities of Clients At Issue</u>: Out of deference to its clients' privacy interests, State Street asks that their names be redacted from the motion papers. This request is consistent with the Government's policy on not publicly identifying in advance of trial the individuals and entities it considers victims. Consistent with that policy, the indictment in this matter refers to

these clients by generalized descriptions and not by name.  *See* Dkt. No. 1 (referring, for example, to an "Irish Government Pension Fund" and "British Government Pension Fund").

## CONCLUSION

For the foregoing reasons, State Street respectfully requests that the Court allow State Street to submit a proposed redacted version of the filings at issue to be made available on the docket.  The Government assents to this request, and McLellan assents to section 1 and does not object to sections 2 through 4.

> Respectfully submitted,
>
> STATE STREET BANK AND TRUST COMPANY
>
> By its attorneys:
>
> */s/ John J. Butts*
> John J. Butts (BBO No. 643201)
> Harry Weiss (BBO No. 521180)
> WILMER CUTLER PICKERING
>    HALE AND DORR LLP
> 60 State Street
> Boston, MA 02109
> Telephone:  (617) 526-6000
> Facsimile:  (617) 526-5000
> john.butts@wilmerhale.com
>
> ROSS MCLELLAN
>
> By his attorney:
>
> */s/ Martin G. Weinberg*
> Martin G. Weinberg
> 20 Park Plaza, Suite 1000
> Boston, MA 02116
> Telephone:  (617) 227-3700
> Facsimile:  (617) 338-9538

Dated: January 26, 2018

ActiveUS 166345293v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2018, a copy of the foregoing will be served via ECF to the registered participants of the ECF system in the above-captioned matter.

                                                                  */s/ John J. Butts*
                                                                  John J. Butts