UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-10094-LTS |
| | ) | |
| ROSS MCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT'S MOTION TO SEVER COUNT 6 (Doc. No. 292)

February 28, 2018

SOROKIN, J.

The government has charged defendant Ross McLellan with conspiring to commit, and committing, securities fraud and wire fraud when he was an executive for State Street Bank. Doc. No. 282.[1] The original Indictment was returned in March 2016, contained five counts, and described a scheme primarily involving an alleged conspiracy to defraud foreign clients of State Street's Portfolio Solutions Group. Doc. No. 1. In a Superseding Indictment returned February 7, 2018, the government added factual allegations and a wire fraud charge related to the alleged defrauding of an insurance company in the United States. Doc. No. 282 at ¶¶ 5, 40-45, 56-57. McLellan responded to the Superseding Indictment by moving to sever the new count pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, suggesting in his motion that denial of severance will necessitate a continuance of the entire trial. Doc. No. 292. The government has opposed the motion. For the reasons that follow, the motion is DENIED.[2]

---

[1] Citations to "Doc. No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

[2] For purposes of this Order, familiarity with the facts alleged in the Superseding Indictment is assumed.

1

McLellan argues that Count 6 is improperly joined with the original charges and, alternatively, that severance is warranted. Doc. No. 292 at 4-13. Rule 8(a) permits joinder of offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." This rule "is generously construed in favor of joinder," assuming "the counts meet one of the [enumerated] conditions." United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996); see United States v. Monteiro, 871 F.3d 99, 107 (1st Cir. 2017) (listing factors bearing on propriety of joinder, including the extent of common evidence and similarities in charging statutes, alleged victims, modes of operation, and time frame); United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002) (explaining charges can be "similar" without being "identical," and "assess[ing] similarity in terms of how the government saw its case at the time of indictment").

Rule 14(a) permits severance of otherwise properly joined offenses if joinder "appears to prejudice a defendant or the government." However, "[s]ome prejudice results in almost every trial in which the court tries more than one offense together." United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008). To warrant severance, a defendant must show more than "[g]arden variety prejudice"—he "must demonstrate that the prejudicial joinder [will] likely deprive[] him of a fair trial." Id.; see United States v. Jordan, 112 F.3d 14, 16 (1st Cir. 1997) (listing three types of prejudice that might warrant severance, including presentation of separate or conflicting defenses, admission of evidence that would not be admissible at a separate trial on one or several specific charges, and an impairment of the defendant's right to testify as to one charge and not another).

Having considered the parties' submissions and the allegations in the Superseding Indictment in light of these standards, the Court perceives no basis for severing the charges. The

government's theory is that McLellan orchestrated similar (though not identical) schemes to defraud the foreign victims identified in connection with the original charges and the United States victim identified in Count 6, that he did so during the same time period relying on assistance from at least some of the same individual traders, and that his conduct supports wire fraud charges under the same general criminal statute. The government proffers that at least several of the same witnesses will testify about facts material to proving all six counts in the Superseding Indictment. And, for present purposes, it appears likely that much, though perhaps not all, of the evidence admissible at a trial of Counts 1 through 5 also would be admissible at a trial of Count 6, and vice versa, under Federal Rules of Evidence 404(b) and 403. See United States v. DeCicco, 370 F.3d 206, 210-11 (1st Cir. 2004) (explaining "evidence may be admissible . . . even if it may be construed as propensity evidence, if it is used to show any of the other elements set out in" Rule 404(b), including a "common plan or scheme"). McLellan has generally asserted, but has not established, that he will be "embarrassed or confounded in presenting separate defenses" as to Counts 1 through 5 on the one hand and Count 6 on the other; likewise, he has not made a "convincing showing that he has both important testimony to give concerning one count and [a] strong need to refrain from testifying on [another]." United States v. Scivola, 766 F.2d 37, 41-43 (1st Cir. 1985).

Under these circumstances, the charges plainly are properly joined under Rule 8, and McLellan has not persuaded the Court it would be justified in exercising its discretion to grant severance under Rule 14. Accordingly, McLellan's motion to sever Count 6 (Doc. No. 292) is DENIED.

To the extent McLellan seeks a continuance of his trial in light of this ruling, that request also is DENIED. See Doc. No. 292 at 13 (suggesting denial of severance will leave McLellan

with "no choice but to request a three-month continuance of the trial date"); Doc. No. 301 at 10 n.8 (repeating previous suggestion and asking that a "new trial date be set for at least one week after August 4"). McLellan's trial already has been continued once at his request, and the current trial date has been set for more than seven months. Doc. No. 195. As of the June 4, 2018 trial date, McLellan will have had four months to prepare for trial on Count 6 (which is simpler and narrower in scope, both factually and legally, than the original charges), and at least twenty-six months to prepare trial on Counts 1 through 5. Nothing in the Superseding Indictment or McLellan's motion papers reasonably suggests that McLellan cannot adequately prepare to defend against the new charge on the existing trial date so as to justify a further continuance in this case.

        SO ORDERED.

         /s/ Leo T. Sorokin  
        Leo T. Sorokin  
        United States District Judge