UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-10094-LTS |
| | ) | |
| ROSS MCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

May 15, 2018

SOROKIN, J.

Defendant Ross McLellan moves for an order requiring the government to exercise rights under the Mutual Legal Assistance Treaty (MLAT) between the United States and the Netherlands in order to compel deposition testimony of a Dutch citizen. Doc. No. 275. McLellan also moves for similar orders requiring the government to exercise MLAT rights in order to obtain materials that were previously described in letters rogatory issued to Ireland-based and United Kingdom-based entities. In the alternative, McLellan moves for exclusion at trial of all evidence relating to the transitions performed for these entities and for striking of all related language from the Superseding Indictment. Doc. Nos. 276, 328.

The Court lacks authority to compel the government to exercise its rights under any of the relevant MLATs on behalf of, or for the benefit of, a private person.[1] See, e.g., In re Request from U.K. Pursuant to Treaty Between the Government of the U.S. and Government of U.K., 685 F.3d 1, 11 (1st Cir. 2012) ("The First Circuit and other courts of appeals have held that

---

[1] Whether the government can do so of its own accord presents a different question not presently before the Court.

1

'treaties do not generally create rights that are privately enforceable in the federal courts.'" (citation omitted)); U.S. v. Rosen, 240 F.R.D. 204, 214-15 (E.D. Virginia 2007) (noting that no court has held that a defendant's compulsory process rights are violated when the executive branch declines to exercise a treaty power to compel testimony of a non-American in another country). Further, McLellan presents no valid basis for the exclusion of the government's evidence based solely on McLellan's inability to procure certain other evidence. Thus, McLellan's motions are DENIED.

Nonetheless, the more limited power available to McLellan to compel production of witnesses or documents from outside the United States as compared to within the United States potentially raises fairness or due process considerations in a case such as this one involving foreign victims. Accordingly, by May 23, 2018, the parties shall file a status report stating their joint or separate positions regarding (1) whether the Court ought admit any portions of the deposition transcripts of the two persons deposed in the civil case who are outside the reach of the Court's subpoena power and decline to appear by video conference at trial; and (2) whether the Court should inquire of State Street as to the particulars of its efforts to secure the testimony of one or more of the three proposed lawyer witnesses. In addition, to the extent that McLellan claims that, absent government invocation of the MLAT as to documents in Ireland or any of his other requests, his upcoming trial violates the Due Process Clause of the United States Constitution, his motion is DENIED without prejudice to renewal after trial in the event of a conviction.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge