UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 16-10094-LTS |
| ) | |
| ROSS MCLELLAN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF INADMISSIBLE AND IRRELEVANT THIRD-PARTY HEARSAY**

The government respectfully submits this motion *in limine* to preclude the defendant from introducing inadmissible and irrelevant hearsay of third parties.[1]

**Argument**

The defendant has included on his preliminary exhibit list numerous emails and other statements of third parties—including, but not limited to, parties who are not expected to be witnesses at trial, and will therefore not be subject to cross-examination. These statements—including communications the defendant appears never to have seen prior to trial—are quintessential hearsay: out-of-court statements offered to prove the truth of the matter asserted. They are not subject to any hearsay exception and are, accordingly, inadmissible. In addition, many of the designated exhibits—including Internet printouts of newspaper articles, and regulations and proposed statutes that did not take effect or post-date the charged conduct—are utterly irrelevant.

---

[1] Pursuant to Local Rule 7.1(a)(2), the government has conferred with counsel for the defendant, who has indicated that he opposes this motion.

For example:

- The defendant seeks to admit a "telephone note," which purports to have been drafted by a consultant to an Irish Pension Fund, and purports to reflect that individual's notes of a call among employees of the fund and the consulting firm, as well as other internal emails of the fund and its consultants.  See Exhibits A – C, attached hereto.[2] The documents purport to reflect the participants' comparative assessment of State Street's bid for a transition assignment versus the bids of two other firms, and of State Street's performance on the subsequent transition.  Neither the defendant nor any other State Street employee appears to have been on the call, or to have received the emails.  Neither the author of the documents, nor any employee of the consulting firm, nor any employee of the Irish Pension Fund, is expected to be a witness at trial.  There is no way to authenticate the documents, the contents of which consist entirely of hearsay.  There is no witness to establish that the telephone note is a business record.  See, e.g., United States v. Reilly, 33 F.3d 1396, 1413 (3d Cir. 1994) (under business records exception, proponent must establish that (1) the record was made at or near the time by—or from information transmitted by—someone with knowledge; 2) the record was kept in the course of a regularly conducted activity of a business, and 3) making the record was a regular practice of that activity).  The documents are simply inadmissible under any theory.

- The defendant seeks to admit proposals submitted by competing transition managers for the transition State Street conducted for the U.S. Insurance Company in 2011.

---

[2] Because the exhibits consist of documents produced in discovery and subject to the protective order in this case, the government, with the assent of the defendant, respectfully moves that they be filed under seal.

2

None of the authors of the proposals is expected to be a witness at trial, and there is no reason to believe that the defendant, or any State Street employee, saw them during the relevant period. The records are not admissible as business records, because there is no witness who can establish any of the elements of Fed. R. Evid. 803(6). While the proposals may be used for impeachment purposes with witnesses of the U.S. Insurance Company, they are not independently admissible.

- The defendant seeks to admit an email from one of the Irish Pension Fund's consultants to several State Street employees, including his alleged co-conspirators Boomgaardt and Pennings—but <u>not</u> McLellan—discussing State Street's draft transition plan. <u>See</u> Exhibit D. The email may be used for impeachment purposes, but is itself hearsay not admissible under any theory.

- The defendant seeks to admit a markup of an unexecuted draft contract between State Street and his consulting firm, Harbor Analytics. <u>See</u> Exhibit E. It is unclear who drafted the document, and who marked it up, though presumably the initial draft was prepared by the defendant or his agent or attorney. The document, which post-dates the defendant's termination by State Street, is irrelevant to any issue in this case and thus subject to exclusion under Fed. R. Evid. 401. To the extent the defendant seeks to introduce it as evidence that others at State Street somehow condoned his conduct after the fact, it is also more prejudicial than probative and subject to exclusion under Fed. R. Evid. 403.

- The defendant seeks to admit a May 22, 2012 BBC News article, apparently printed from the Internet, describing a 2012 transition conducted for the British Government Pension Fund. <u>See</u> Exhibit F. The document, which post-dates the charged conduct

by eight months and appears to refer to a transition other than the one at issue in this case, is rank hearsay and totally irrelevant.

- The defendant seeks to admit a printout of 17 C.F.R. § 240.10b-10, a regulation setting forth certain securities-related disclosure requirements. Likewise, he seeks to admit a copy of S.2114, the "Bond Transparency Act of 2014," a proposed 2014 amendment to the Securities Exchange Act that would have imposed additional disclosure requirements on certain securities transactions, but which did not become law. And he seeks to admit a printout from the SEC's website concerning "How to Read Confirmation Statements," and a printout from FINRA's website concerning "customer confirmations" that notes, on its face, "This version of the rule . . . does not become effective until May 14, 2018." These documents are either irrelevant, more prejudicial than probative, hearsay, or all three. The failed Bond Transparency Act, first proposed three years after the charged conduct, has no relevance to any issue in this case. Likewise, the other documents, which concern securities disclosure requirements, are irrelevant. The defendant is not charged with failing to make a disclosure he was under a regulatory duty to make. He is charged with conspiring to make false statements designed to mislead clients into believing they were paying one price for securities, when in fact he intended to, and did, secretly charge them a higher price. The defendant's effort to place irrelevant regulations and failed statutes into evidence would confuse and mislead the jury, and usurp the Court's role in instructing the jury on the relevant law. Cf. Highland Capital Mgmt., L.P. v. Schneider, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) ("[i]t is not for witnesses to

instruct the jury as to applicable principles of law, but for the judge.") (further citation and internal quotation marks omitted).

To the extent that the defendant seeks to admit these materials pursuant to the residual hearsay exception, Fed. R. Evid. 807, that effort should be rejected. "Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances." United States v. Awer, 770 F.3d 83, 94 (1st Cir. 2014) (quoting United States v. Trenkler, 61 F.3d 45, 59 (1st Cir. 1995)) (internal quotation marks omitted); see also United States v. Phillips, 219 F.3d 404, 419 & n.23 (5th Cir. 2000) (same); United States v. Washington, 106 F.3d 983, 1001 (D.C. Cir. 1997) (per curiam) (residual hearsay exception is "extremely narrow and require[s] testimony to be 'very important and very reliable.'"); Akrabawi v. Carnes Co., 152 F.3d 688, 697 (7th Cir. 1998) ("We . . . narrowly constru[e] the residual provision to prevent it from becoming the exception that swallows the hearsay rule."); United States v. Kim, 595 F.2d 755, 765 (D.C. Cir. 1979) ("The legislative history of this exception makes it very clear that this was intended to be a narrow exception to the hearsay rule, applying only in exceptional cases."); United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977) ("[T]ight reins must be held to insure that this provision does not emasculate our well developed body of law and the notions underlying our evidentiary rules."). "[T]he proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force." United States v. Washington, 106 F.3d 983, 1001–02 (D.C. Cir. 1997). The defendant cannot meet that burden here, where most of the exhibits he proffers are not even relevant, much less probative.

**Conclusion**

For the foregoing reasons, the government respectfully requests that the defendant be precluded from introducing into evidence the above-described exhibits, and similar exhibits, which are inadmissible hearsay, irrelevant, and/or more prejudicial than probative.

Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER | ANDREW E. LELLING |
| Acting Chief, Fraud Section | United States Attorney |
| Criminal Division | |
| | |
| By: */s/ William E. Johnston* | By: */s/ Stephen E. Frank* |
| WILLIAM E. JOHNSTON | STEPHEN E. FRANK |
| Trial Attorney | Assistant U.S. Attorney |

**CERTIFICATE OF SERVICE**

I certify that on May 21, 2018, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

/s/ *Stephen E. Frank*
STEPHEN E. FRANK