UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                          )<br>)<br>ROSS MCLELLAN,                  )<br>          Defendant             )<br>) | No. 16-CR-10094-LTS |

**DEFENDANT ROSS MCLELLAN'S MOTION *IN LIMINE* TO PRECLUDE INDIVIDUAL INVESTOR REPRESENTATIVES FROM TESTIFYING ABOUT IMPORTANCE OF ALLEGED MISSTATEMENTS**

Now comes the Defendant, Ross McLellan, by and through undersigned counsel, pursuant to Fed. R. Evid. 403, and hereby respectfully moves for an order precluding the government from introducing testimony that individual investor representatives viewed the alleged misstatements as important.

As grounds and reasons therefor, the defendant states that any "probative value" such evidence may hold is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. As further reason therefor, the defendant refers the Court to the memorandum of law incorporated herein.

**Local Rule 7.1(a)(2) Certification**

Undersigned counsel conferred with counsel for the government and the government, by and through Stephen E. Frank, opposes the instant motion.

**MEMORANDUM OF LAW**

In order to convict Mr. McLellan on any of the charges set forth in the indictment, the

1

government will have to prove beyond a reasonable doubt that the alleged misstatements were material.  *See United States v. Weed*, 873 F.3d 68, 73 (1st Cir. 2017).  In the securities fraud context, "[a] misrepresentation is material if there is a substantial likelihood that [it] would affect the behavior of a reasonable investor." *Id.* (alterations in original) (citation omitted).  In order to satisfy its burden on this point, the government may introduce testimony from representatives of the institutional investors that were purportedly victimized by the alleged scheme to defraud.  Subject to the Federal Rules of Evidence, such investor representatives may testify about their interactions with Edward Pennings and Rick Boomgaardt (they did not communicate with Mr. McLellan), as well as the details of the relevant investment decisions.  The jury will then be asked to assess the inferences that a hypothetical "reasonable investor" would draw from these circumstances.  *See id.*

In this case, however, the government is expected to go further and attempt to elicit testimony from investor representatives that, looking back at the relevant transactions several years later, the alleged misstatements by Pennings and/or Boomgaardt were important to their investment decisions.  Even assuming, *arguendo*, that this testimony holds some probative value, under the governing objective standard of materiality that value is very slight.  Moreover, precisely because it shifts the focus from an *ex ante* objective inquiry to a subjective assertion made with the benefit of hindsight, the evidence carries great potential to "confus[e] the issues" and "mislead[] the jury." Fed. R. Evid. 403.  Accordingly, district courts have precluded similar testimony under Rule 403.  Judge Kimba Wood, for example, suggested that this type of "materiality testimony" may be "entirely irrelevant." *In re ICN/Viratek Sec. Litig.*, No. 87-CV-4296, 1996 WL 34448146, at *4 (S.D.N.Y. July 15, 1996).  In any event, even accepting that the

proffered evidence possessed "some slight relevance," that minimal probative value was "greatly outweighed by the potential for jury confusion." *Id.* Other decisions are in accord. *See United States v. Berger*, 473 F.3d 1080, 1097 (9th Cir. 2007) (noting district court's conclusion "that under the reasonable investor standard, the proposed testimony of the investor" was "unnecessary"); *United States v. Rigas*, No. 02-CR-1236, 2004 WL 360444, at *2 (S.D.N.Y. Feb. 26, 2004) (observing that "[t]he testimony of a single investor sheds little light on th[e] question" of materiality).

It is incontrovertible that "[t]he question of materiality . . . is an objective one, involving the significance of an omitted or misrepresented fact to a reasonable investor," not its significance to any particular individual investor. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 467 (2013) (alteration in original) (quoting *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 445 (1976)). "[T]he individual circumstances of particular" investors, therefore, do not "bear on the inquiry." *Id.* at 460; *see also United States v. Litvak*, No. 17-1464, 2018 WL 2049677, at *1 (2d Cir. May 3, 2018) ("Because the applicable materiality test is an objective one, evidence of the idiosyncratic and erroneous belief of the [alleged victim's] representative was irrelevant.").[1] The objective assessment is conducted "in light of the circumstances existing at the time the alleged misstatement occurred." *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 165 (2d Cir. 2000); *see*

---

[1] While it is true that *Litvak* found it "permissible" for individual investors to testify "that they considered [the defendant's] misstatements to be an important factor . . . in their investment decisions," the court also conditioned that permissibility on the assumption that the witness' "'own point of view' is shown to be within the parameters of the thinking of reasonable investors in the particular market at issue." *Litvak*, 2018 WL 2049677, at *7. Mr. McLellan does not agree with this aspect of the Second Circuit's decision. Nonetheless, Mr. McLellan expects the evidence to show that, to the extent the individual investor representatives ascribed importance to the alleged misrepresentations at issue, their views are inconsistent with those of the hypothetical reasonable participant in the transition management industry.

also *Spielman v. Gen. Host Corp.*, 402 F. Supp. 190, 194 (S.D.N.Y. 1975) ("The determination of materiality is to be made upon all the facts as of the time of the transaction and not upon a 20-20 hindsight view long after the event."). Under these general principles, whether any individual investor believes, several years after the fact, an alleged misstatement to have been important is largely beside the point.

Even assuming that individual investor testimony regarding the importance of a representation may hold *arguendo* some minimal probative value, it is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. "District courts have the right—indeed, the obligation—to guard against juror confusion." *Torres-Arroyo v. Rullán*, 436 F.3d 1, 8 (1st Cir. 2006). Here, if individual investor witnesses are permitted to testify that they viewed State Street's representations as important, the jury may be led to believe that this is the operative standard, not the objective test dictated by the Supreme Court. A curative instruction "that materiality is defined objectively" would not clarify matters because the jury would be left with the impression that the Court did not "practic[e] what [it] preached." *ICN*, 1996 WL 34448146, at *4. The likelihood of confusion is enhanced by the involvement of sophisticated institutional investors. The jurors may be inclined to defer to witnesses who they perceive as more knowledgeable than themselves, essentially delegating their responsibility to decide the materiality issue. There is a great risk that such confusion will be coupled with unfair prejudice to Mr. McLellan given that the testifying investors would be alleged victims of the conspiracy, now fully cognizant of the government's view that they were defrauded. It would hardly be surprising for such witnesses to testify, with the benefit of "20-20 hindsight," that State Street's representations to them were important. *Spielman*, 402 F. Supp. at 194.

Based on the foregoing, Mr. McLellan respectfully requests this Honorable Court to issue an Order precluding the government from introducing evidence that individual investor representatives viewed the alleged misstatements as important.

Respectfully submitted,

Ross McLellan
By his Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: May 21, 2018

### CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, May 21, 2018, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg