UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

                                  )

UNITED STATES OF AMERICA    )

                                  )

v.                                   )        No. 16-cr-10094-LTS

                                  )

ROSS MCLELLAN             )
          Defendant       )

                                    )

_____)

## MOTION *IN LIMINE* TO EXCLUDE MR. MCLELLAN'S STATEMENTS TO GOVERNMENT AGENTS MADE DURING THEIR CONVERGEX INVESTIGATION

Now comes the defendant Ross McLellan, by and through undersigned counsel, and hereby respectfully moves this Honorable Court *in limine*, pursuant to Fed. R. Evid. 401 and 403, to prospectively exclude evidence of Mr. McLellan's statements to FBI Special Agent Michael McGillicuddy and U.S. Postal Inspector Greg Ghiozzi that were made during the course of an unrelated, fundamentally different investigation into ConvergEx – a company completely independent of State Street or Mr. McLellan – and Anthony Blumberg as irrelevant, unfairly prejudicial, and misleading.

### I.   BACKGROUND

On January 26, 2012, during the course of the Government's investigations into ConvergEx, FBI Special Agent McGillicuddy and U.S. Postal Inspector Ghiozzi interviewed Mr. McLellan relating to his dealings with ConvergEx, Anthony Blumberg, and others.   The Government ultimately charged certain ConvergEx employees with fraud, alleging that after receiving orders from their clients, these employees routed client trades through an affiliated

1

Bermuda broker-dealer entity that marked up or marked down trades – earning undisclosed revenue in the form of a "spread" – and then routed them back to a United States broker-dealer that earned additional revenue from markups/markdowns in the form of a disclosed "commission." *See United States v. Blumberg, et. al.*, 14-458-JLL, Dkt. 1 at 4 (D. NJ, Aug. 6, 2014) ("The price per share on the confirm included any mark-up or mark-down taken by CGM Limited [CovergEx's wholly owned broker-dealer in Bermuda], without breaking out separately the amount of such mark-up or mark-down. The confirm separately listed the commission charged by the client-facing broker"). ConvergEx was charged, unlike State Street with having its broker-dealer mark-up/mark-down its securities twice, once undisclosed and once disclosed.

During his interview with the two government agents, Mr. McLellan made certain statements regarding his prior understanding of and dealings with ConvergEx that, upon information and belief, the Government may seek to introduce at trial. Specifically, the defense reasonably believes the Government may seek to introduce the following two statements through either FBI Special Agent McGillicuddy and/or U.S. Postal Inspector Ghiozzi, both of whom are listed on the Government's witness list:

- Before 2002, State Street utilized ConvergEx for a large number of trades. At the time MCLELLAN believed ConvergEX was compensated by the commission that was paid to it by State Street. State Street fully disclosed its own commissions and fee structure to its clients. State Street did not take and does not take a spread on the types of trades it would have routed through ConvergEX.

- VELLI questioned MCLELLAN about the practice of taking spread at State Street and the order flow process. MCLELLAN believes VELLI was "pumping him" for information about spread. MCLELLAN advised State Street does not take spread. This was the first time they met.

This Honorable Court should prospectively exclude these statements because they are immaterial to any of the issues at dispute in the instant matter. Furthermore, the introduction of

2

these two statements would be unfairly prejudicial, and has the significant potential of confusing the issues, misleading the jury, and wasting time on unnecessary litigation of collateral issues, such as how State Street and ConvergEx's business models differed and what the practices were at State Street's U.S. trading desk at certain past points in time when the focus of this indictment is on the practices of State Street in Europe and the Middle East in 2010-2011.

## II.    ARGUMENT

A motion *in limine* allows the parties to resolve evidentiary disputes before trial and avoids the presentation of potentially prejudicial evidence before the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Evidence of Mr. McLellan's statement that prior to 2002 "State Street fully disclosed its own commissions and fee structure to its clients" and that it "did not take and does not take a spread on the types of trades it would have routed through ConvergEx" has no bearing on whether Mr. McLellan made or directed affirmative misrepresentations that allowed State Street to charge fees above agreed upon fees to its transition management clients eight or nine years later, *i.e.* in 2010 and 2011. *See* Dkt. 298 at 6 ("this is a case about *affirmative* misrepresentations that McLellan personally made or directed")(emphasis in original).  Furthermore, Mr. McLellan's statement to Joseph Velli, who Mr. McLellan had met for the first time and who was "'pumping him' for information about spread", that State Street does not take spread in this context, *i.e.* does not take additional

3

compensation through an international affiliate broker-dealer on top of a disclosed commission charged by a local broker-dealer, similarly has no bearing on any issues at dispute in the above-captioned matter.  There is no evidence that State Street routed or that Mr. McLellan caused State Street to route its transition management client trades through an international affiliate broker-dealer in order to charge undisclosed mark-ups and mark-downs in addition to disclosed mark-ups and mark-downs charged by the local broker-dealer servicing the trades.  Accordingly, Mr. McLellan's statements have no bearing on any issue in dispute in the instant matter and should be excluded as irrelevant pursuant to Fed. R. Evid. 401, putting aside the obvious which is that Mr. McLellan, as he stated, recognized that Mr. Velli, the then CEO of ConvergEx, was "pumping him" for information.

Even if Mr. McLellan's statements are relevant under Rule 401, Rule 403 allows this Honorable Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  In a criminal prosecution, the Court is given wide discretion to exclude relevant evidence. *United States v. Dupuy*, 760 F.2d 1492, 1499 (9th Cir. 1985).  "Evidence is unfairly prejudicial if it induces the jury to decide the case on an improper basis rather than on the evidence presented." *United States v. Conner*, 583 F.3d 1011, 1025 (7th Cir. 2009). "[E]xclusion of relevant evidence" is further warranted "if admission of the evidence would lead to litigation of collateral issues." *United States v. Dennis*, 625 F.2d 782, 796–97 (8th Cir. 1980). Here, admitting Mr. McLellan's prior statements related to his dealing with ConvergEx would be unfairly prejudicial unless the court admits additional evidence explaining their context, *i.e.* that

these statements were made to government agents while discussing ConvergEx's fundamentally different dual broker-dealer business model, a model that was not employed by State Street in the course of the transitions at issue in this case.  Allowing evidence of ConvergEx's business model and the issues presented in *United States v. Blumberg* would, however, likely confuse the jury and unnecessarily waste time litigating collateral issues.  Accordingly, if this Honorable Court finds that these statements are relevant under Rule 401, they should still be excluded pursuant to Rule 403.  To the extent that they are considered marginally relevant alone to Count 6 (the U.S. Insurance Company count), and irrelevant to Counts 1 through 5 (the EMEA counts) they add further support to Mr. McLellan's pending motion to sever, Dkt. 353.

### III.     CONCLUSION

Based on the foregoing, this Honorable Court should exclude FBI Special Agent Michael McGillicuddy's and/or U.S. Postal Inspector Greg Ghiozzi's testimony, as well as any other evidence that the Government may offer, relating to Mr. McLellan's statements during the ConvergEx investigation.

### <u>COMPLIANCE WITH LOCAL RULE 7.1(a)(2)</u>

The undersigned counsel conferred with counsel for the Government and the Government, by and through Stephen E. Frank, opposes this request.

Respectfully submitted,

Ross McLellan
By his Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: May 21, 2018

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, May 21, 2018, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg