UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____ )
                                  )
UNITED STATES OF AMERICA          )
                                  )
        v.                        )        No. 16-10094-LTS
                                  )
ROSS MCLELLAN,                    )
        Defendant                 )
                                  )
_____ )

**DEFENDANT ROSS MCLELLAN'S MOTION TO ADMIT INTO EVIDENCE 17 C.F.R.
§240.10b-10 AND S. 2114 AND INCORPORATED MEMORANDUM OF LAW**

Now comes the defendant Ross McLellan and respectfully moves that this Honorable Court

permit him to introduce into evidence 17 C.F.R. §240.10b-10 and S. 2114.

As reason therefor, defendant states:

1.      Under SEC and FINRA rules, State Street has no obligation to disclose

markups/markdowns unless it is acting as a fiduciary, such as under ERISA. 17 C.F.R. 240-10b-10

is the SEC regulation governing the disclosure obligations of brokers/dealers when conducting

securities transactions. *See* Exhibit 1, submitted herewith. Section 240.10b-10(a)(2)(ii), the portion

of the regulation that sets forth disclosure obligations for broker/dealers acting in a principal or

riskless principal capacity, omits any requirement that broker/dealers submit trade confirmations

detailing and disclosing their remuneration in connection with fixed-income securities transactions,

which are the predominant transactions at issue in this case.

2.      S. 2114 was a bill introduced in the United States Senate in March 2014 that would have

amended the Securities and Exchange Act and 17 C.F.R. §240-10b-10 to require disclosure of

markups in riskless principal transactions in fixed-income securities. *See* Exhibit 2, submitted

herewith. The bill did not pass. *See* Exhibit 3, submitted herewith.

3.   The admission of 17 C.F.R. §240.10b-10 and S. 2114 is essential to McLellan's ability to present his defense based on his good faith belief that the markups taken by State Street when trading as riskless principal, as it did with respect to the securities transactions carried out in the course of the transitions at issue, were disclosed to the full extent required by United States securities regulations. Furthermore, 17 C.F.R. §240.10b-10 and S. 2114 are directly relevant to the issue of whether any reasonable institutional investor would have known and understood that there was no regulatory obligation for State Street to disclose its revenue from the fixed-income securities transactions conducted as part of their transitions.

As further reason therefor, McLellan refers the Court to the Memorandum of Law incorporated herein.

## LOCAL RULE 7.1(a)(2) STATEMENT

The government opposes the admission of this evidence.

## MEMORANDUM OF LAW

A central aspect of McLellan's defense will be that he believed in good faith that his actions were in compliance with United States securities laws, a contention that, if accepted by the jury, would provide a complete defense to the charges against him. Both 17 C.F.R. §240.10b-10 and S. 2114 are important evidence in support of that defense.

17 C.F.R. §240.10b-10 establishes that, in conducting fixed-income trades as a principal or riskless principal, a broker/dealer is not required under the securities laws of the United States to disclose markups/markdowns or commissions. One central focus of McLellan's defenses will be that he acted in the good faith belief that the nondisclosure to transition management clients of

markups/markdowns taken on transition transactions was lawful and not a violation of United States securities laws as to non-ERISA clients. The existence of this regulation forms an important part of the foundation for such a belief and would thus provide strong support for McLellan's good faith defense. Courts have upheld the introduction into evidence of administrative regulations in a variety of contexts, including as evidence relating to defendant's, knowledge, intent, or state of mind. *See, e.g., United States v. Harvard*, 103 F.3d 412, 422-23 (5th Cir.1997);*United States v. Piperi*, 1996 WL 661104, at *6-*7 (5th Cir. October 17, 1996)(unpublished); *United States v. J.L.K., Jr.*, 880 F.2d 993, 994-95 (8th Cir. 1989); *United States v. Mzese*, 2014 WL 2804001, at *2 (D. Md. June 19, 2014).

For present purposes, McLellan should not be required, as a prerequisite to admissibility, to prove that he had actual knowledge of the specifics of the provisions of §240.10b-10. In *United States v. Flotron*, No. 3:17-cr-00220 (JAM)(D.Conn.), the court recently confronted a similar issue. In that case, the defendant wished to present evidence of the enactment of the Dodd-Frank Act's anti-spoofing provisions, which the government moved *in limine* to exclude. The court first noted that "[a]ny knowledge and intent of defendant and his co-conspirators about the legality of spoofing will be very significant disputed issues at trial." Ruling re Pending Motions in Limine (Doc. 198) at 4, submitted herewith as Exhibit 4. The court concluded that evidence that Congress specifically outlawed spoofing after the alleged start of the charged conspiracy and evidence of the guidance issued by the CFTC regarding the scope of the law should be admitted "[i]n view of the professional market participant status of defendant and his co-conspirators" and evidence that the government intended to introduce regarding the defendant's completion of a training module. *Id.* Most importantly for present purposes, the court stated:

3

It would be reasonable for the jury to conclude that defendant and his co-conspirators would be generally aware of legal and regulatory developments in their area of business expertise. *Because it is the Government's burden to prove the culpable state of mind of defendant and his co-conspirators, the burden should not fall on the defendant (as the Government argues) to testify or otherwise prove that he specifically read and reviewed the law and regulatory guidance.*

*Id.* (emphasis added). The same is equally true here. What McLellan knew or in good faith believed about the legality of charging undisclosed markups/markdowns or commissions will be a centrally contested issue at trial. The jury will be able to reasonably infer from the evidence at trial regarding McLellan's position and responsibilities at State Street that he would have been aware of statutes and regulations governing trading in securities. Introduction of §240.10b-10 will provide important support for McLellan's good faith defense and should be admitted into evidence. The evidence is also separately relevant to show that an institutional investor that entered into securities transactions as to which the broker/dealer acted as principal or riskless principal could not have reasonably expected to receive information regarding the broker/dealer's remuneration in connection with fixed-income securities trades.

S. 2114 is relevant for similar reasons. Relevant evidence is "evidence having *any* tendency to make the existence of any fact that is of consequence" more or less probable. Fed. R. Evid. 401 (emphasis added). This standard is "quite expansive" and creates a "not-too-difficult-to-meet standard." *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010) To be relevant, "the evidence need not definitively resolve a key issue in the case—it need only move the inquiry forward to some degree." *Id.* (citations omitted). *See United States v. Candelaria-Silva*, 162 F.3d 698, 704 (1st Cir. 1998)("Evidence may be 'relevant' under Rule 401's definition, even if it fails to prove or disprove the fact at issue"). The fact that legislators deemed it necessary to seek to amend the

Securities and Exchange Act to require disclosure of markups on bond transactions conducted by riskless principals provides further indicia that the statutes and regulations in effect at the time of the offenses charged in this case did not require such disclosure, which, again, has direct bearing on McLellan's knowledge, intent, and state of mind. The bill, therefore, also would provide important support for McLellan's good faith defense, as well as what a reasonable investor would have known about and expected to receive in terms of information regarding broker/dealer remuneration. .

## CONCLUSION

For all the foregoing reasons, McLellan should be permitted to introduce into evidence 17 C.F.R. §240.10b-10 and S. 2114.

Respectfully submitted,
By his attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (telephone)
(617) 338-9538 (fax)
owlmgw@att.net

**/s/ Robert M. Goldstein**
Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this 21st day of May, 2018, I caused the within Motion to be served on all registered participants through its filing with this Court's CM/ECF system.

**/s/ Martin G. Weinberg**
Martin G. Weinberg

5