UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____ )
                                                                 )
                                                                 )
UNITED STATES OF AMERICA          )
                                                                 )
v.                                                               )          No. 16-cr-10094-LTS
                                                                 )
ROSS MCLELLAN                             )
                        Defendant                      )
                                                                 )
_____ )

## MOTION *IN LIMINE* TO EXCLUDE THE STATE STREET DEFERRED PROSECUTION AGREEMENT

Now comes the defendant Ross McLellan, by and through undersigned counsel, and hereby respectfully moves this Honorable Court *in limine*, pursuant to Fed. R. Evid. 401, 403, 408, and *Crawford v. Washington*, 541 U.S. 36 (2004), to prospectively exclude any evidence, at a joint trial of Counts 1-6, of State Street's Deferred Prosecution Agreement with the Government.

### I.     BACKGROUND

In its recent trial brief, Dkt. 364, the Government submits that in the absence of a defense stipulation that it has satisfied an essential element of Count 6 – that any alleged fraud affected a financial institution – it intends to introduce into evidence its Deferred Prosecution Agreement ("DPA") with State Street Corporation to prove that State Street suffered a "loss as a result of the defendant's scheme" to defraud the U.S. Insurance Company.  *See* Dkt. 364 at 9.   The defendant does not intend to stipulate to this essential element of Count 6.

1

Pursuant to its DPA with the Government, State Street Corporation admitted the truth and accuracy of the allegations in the criminal Information and the attached Statement of Facts.  Both documents include a detailed recitation of the Government's allegations against Mr. McLellan, Mr. Boomgaardt, and Mr. Pennings as they relate to the six EMEA transition management clients that were allegedly defrauded in 2010 and 2011.  *See United States v. State Street Corporation,* Docket No. 17-cr-10008-IT (D. Mass).  Within the DPA, "State Street (including its subsidiaries and majority-owned, operationally-controlled affiliates) agree that it will neither contest the admissibility of, nor contradict, this Statement of Facts in any such proceeding… [and agree that] [t]the following facts establish beyond a reasonable doubt the charges set forth in the criminal Information…".  *See id.*, Dkt. 1-2 at 22-36.  *The DPA does not make any mention whatsoever of the U.S. Insurance Company or the fraud alleged in Count 6.*  The Government has nonetheless indicated that it intends to use the DPA to contend that State Street was or would potentially be affected by Mr. McLellan's "course of conduct" or "common scheme" affecting the U.S. Insurance Company.  As detailed below, even assuming that the DPA holds some minimal probative value as to Count 6, any such probative value is substantially outweighed by the danger of unfair prejudice if the document is introduced during the trial of Counts 1-5.  Furthermore, the DPA is separately inadmissible pursuant to Fed. R. Evid. 408, and *Crawford v. Washington*, 541 U.S. 36 (2004).

## II.    ARGUMENT

It has long been held that a defendant "is entitled to have the question of his guilt determined upon the evidence against him."  *United States v. Torres-Colon*, 790 F.3d 26, 30 (1st Cir. 2015).  "As a result, the guilty plea of a witness cannot be used as substantive evidence to

prove the guilt of a defendant charged with similar crimes." *Id.* (internal citations and quotations omitted); *see also United States v. Woods*, 764 F.3d 1242, 1246 (10th Cir. 2014) ("the government may not borrow proof from another person's conviction.").

While a guilty plea by a testifying witness can be admitted for the limited purpose of assessing the witness's credibility at trial, in the context of a corporate admission, where there is no individual capable of taking the stand, the plea would not be admissible for any purpose.  Courts examining the issue have excluded evidence of corporate plea agreements as unduly prejudicial.  *See United States v. Wirtz*, No. 04-CR-18, 2004 WL 2271745, at *2 (D. Minn. Sept. 25, 2004) (granting motion to exclude because "the danger of prejudice substantially outweighs the probative value of the plea agreement and plea"); *United States v. Andreas*, 23 F. Supp. 2d 835, 849 (N.D. Ill. 1998) ("Admitting ADM's corporate plea agreements . . . raises serious concerns of unfair prejudice in that the jury may be unable to separate ADM from the individual ADM executives on trial."); *United States v. Brown*, 913 F. Supp. 1324, 1330 (D. Minn. 1996) (granting motion for new trial because jury considered extrinsic evidence of corporate plea previously excluded by the court).  Here, the DPA, with its extensive reliance on a statement of facts incriminating to a defendant who has denied the facts alleged, with the prejudiced reinforced by State Street's self-interested agreement to the facts, represents quintessentially prejudicial evidence.

Additionally, admission of State Street's DPA would violate the Confrontation Clause, *see United States v. Massino*, 319 F. Supp. 2d 295, 298 (E.D.N.Y. 2004) (holding that "guilty pleas are 'testimonial' within the meaning of *Crawford*"*)*, and Fed. R. Evid. 408, which renders evidence of settlement or compromise inadmissible to prove the "validity" of a

3

claim.  *See McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985) (holding that Rule 408 applies to "settlements between a litigant and a third party"); *see also McAuliffe v. United States*, 514 F. App'x 542, 549 (6th Cir. 2013) ("A 2006 rule amendment . . . conclusively settled a circuit split in favor of applying Rule 408 in criminal cases.").

Here, the DPA has no relation at all to the U.S. Insurance Company and any minimal probative value that it may have is substantially outweighed by the danger of unfair prejudice that would result if a document indicating that State Street has fully adopted the Government's theory of the case (as it relates to the six EMEA transition management clients) were to be introduced into evidence to prove the allegations against a seventh client in a joint trial.[1]  This prejudice is further compounded by the fact that it is impossible to cross examine State Street about its admissions and its self-serving decision to enter into an agreement with the Government.  Allowing the DPA into evidence would separately violate Mr. McLellan's rights under the Confrontation Clause.

### III.    CONCLUSION

Based on all of the foregoing, this Honorable Court should prospectively exclude any evidence of State Street's Deferred Prosecution Agreement pursuant to Fed. R. Evid. 401, 403, 408, and *Crawford v. Washington*, 541 U.S. 36 (2004).

### <u>COMPLIANCE WITH LOCAL RULE 7.1(a)(2)</u>

The undersigned counsel conferred with counsel for the Government and the Government, by and through Stephen E. Frank, opposes this request.

---

[1] Whether the DPA may be admissible in a separate trial of Count 6 is presently not before the Court.

4

Respectfully submitted,

Ross McLellan
By his Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: May 22, 2018

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, May 22, 2018, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg

5