UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No. 16-10094-LTS |
| ROSS MCLELLAN, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S STATUS REPORT

The government respectfully submits this status report in response to the Court's Order to set forth its position concerning (1) whether the Court ought admit any portions of the deposition transcripts of the two persons deposed in the civil case who are outside the reach of the Court's subpoena power and decline to appear by video conference at trial; and (2) whether the Court should inquire of State Street as to the particulars of its efforts to secure the testimony of one or more of the three proposed lawyer witnesses.  Dkt. 351.

First, the government opposes the admission of any portions of the deposition transcripts. The government intends to elaborate the reasons for its position in its response to the defendant's motion *in limine* to admit those transcripts.  Dkt. 368.  The government notes, however, that the defendant's contention that the witnesses are unavailable to him is remarkable, given that he successfully compelled their testimony in the parallel civil proceedings—resulting in the depositions he now seeks to admit—but *chose* not to seek their testimony in these proceedings until mere months before trial (long *after* this case was originally set to have been tried, before the trial date was adjourned at the defendant's request).  The witnesses are therefore only "unavailable" in time for trial because the defendant didn't bother to seek their testimony until this case had been pending for two years.  Having made that choice, the defendant should not

now be rewarded—and the government denied its right to an effective cross-examination—by allowing him to admit lopsided depositions to which the government was not a party.  Doing so would not only be unfair to the government, but it would also encourage tactical maneuvering and undermine the adversarial process.

Second, the government has no objection to the Court inquiring of State Street about its efforts to secure the testimony of the three former State Street lawyers.  As the Court is aware, the government contacted State Street directly and requested that it inquire of two of those lawyers—Krystyna Beck and Simone Paul, both of whom reside in the United Kingdom—whether they would be willing to testify voluntarily via video conference or otherwise.  State Street advised the government that both witnesses had declined.  The government also contacted an attorney representing Sarah Lewis—a former Herbert Smith attorney who now resides in the Netherlands and has not been associated with Herbert Smith for some five years.  Lewis initially indicated, through counsel, that she would consider testifying voluntarily, but then declined to do so.

Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER<br>Acting Chief, Fraud Section<br>Criminal Division | ANDREW E. LELLING<br>United States Attorney |
| By: */s/ William E. Johnston*<br>WILLIAM E. JOHNSTON<br>Trial Attorney | By: */s/ Stephen E. Frank*<br>STEPHEN E. FRANK<br>Assistant U.S. Attorney |

Date:  May 22, 2018

## **CERTIFICATE OF SERVICE**

I certify that on May 22, 2018, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

                                          /s/ *Stephen E. Frank*
                                          STEPHEN E. FRANK