UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 16-cr-10094-LTS |
| ROSS MCLELLAN, Defendant | ) ) ) ) ) | |

### Ross McLellan's Supplement to Renewed Motion to Sever Count 6

Now comes the Defendant, Ross McLellan, by and through undersigned counsel, and hereby provides the Court with the following supplemental information in support of his renewed motion to sever Count 6:

First, the government has noticed its desire to introduce the Deferred Prosecution Agreement ("DPA") entered into by State Street as a means of satisfying the "affecting a financial institution" element of Count 6, *see* Govt. Trial Brief (Dkt. 364) at 9.  As detailed in Mr. McLellan's pleading of today's date addressing that issue (Dkt. 373), State Street's DPA should not be introduced into evidence by the government in a joint trial with Counts 1-5 given that the DPA centers around the precise conduct charged in Counts 1-5 and would therefore result in significant unfair prejudice to Mr. McLellan.  However, if Count 6 was severed, Mr. McLellan may seek to introduce the DPA into evidence as affirmative evidence that there is no realistic prospect of loss for State Street as a result of the DPA's existence in combination with State Street's self-disclosure of the 7-year old domestic insurer transition issue.

Second, the government's trial brief makes clear it does not anticipate arguing that Count

1

6 is included within the Count 1 conspiracy.  *See* Govt. Trial Brief at p.12, n.1 ("Although the evidence at trial will show that the defendant conspired with others to commit the substantive fraud against the U.S. Insurance Company charged in Count Six, the government does not seek a *Pinkerton* charge with respect to Count Six").[1]  It is simply too much to ask of the jury to consider Counts 1-5 in the context of a *Pinkerton* instruction while simultaneously separating out Count 6 for an independent consideration, or to limit evidence admitted only to prove Count 1 from spilling over onto Count 6.

Third, and finally, as discussed in Mr. McLellan's motion to compel production of documents related to the U.S. Insurance Company, filed today (under seal), there remain significant open discovery issues that bear directly upon Mr. McLellan's potential defense to Count 6, including but not limited to the fact that in its most recent production (May 18) pursuant to this Court's Rule 17(c) Subpoena, State Street provided 1,906 pages of documents, but (a) more than 1,500 of those pages are fully redacted and (b) State Street produced a privilege log of concededly responsive documents (51 documents) purportedly withheld for privilege.  For all of the reasons set forth in his companion pleading, Mr. McLellan has a grounded and principled basis to believe these documents are material to his defense (as further set forth in the materiality section of the motion which the defendant has requested to file *ex parte*), yet they remain utterly unavailable to him only two weeks prior to trial.  Additionally, Mr. McLellan continues to receive further discovery related to Count 6.  Indeed, the U.S. Insurance Company has advised that it is forwarding additional materials tomorrow.  Surely, Mr. McLellan's continued inability to access new materials tips the balance in favor of a severance of Count 6.

---

[1] The government has subsequently confirmed this fact in an email to undersigned counsel.

Wherefore, for all of the foregoing reasons, as well as those set forth in his renewed motion to sever Count 6, Mr. McLellan respectfully requests an order severing Count 6 from the remainder of the charged offenses in this matter.

          Respectfully Submitted,
          Ross McLellan
          By His Attorney,

          **/s/ Martin G. Weinberg**
          Martin G. Weinberg
          Mass. Bar No. 519480
          20 Park Plaza, Suite 1000
          Boston, MA 02116
          (617) 227-3700
          owlmgw@att.net

Dated: May 22, 2018

**CERTIFICATE OF SERVICE**

    I, Martin G. Weinberg, hereby certify that on this date, May 22, 2018, a copy of the foregoing document has been served, via electronic mail, upon Assistant U.S. Attorney Stephen E. Frank and U.S. Department of Justice Trial Attorney William Johnston.

          **/s/ Martin G. Weinberg**
          Martin G. Weinberg