UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROSS MCLELLAN, )<br>    Defendant )<br>) | No. 16-10094-LTS |

**DEFENDANT ROSS MCLELLAN'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO HIS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CONCEALMENT**

The government begins from the erroneous premise that it is the allegations of the indictment that are controlling for the purpose of evaluating the arguments advanced in Defendant Ross McLellan's Motion *in Limine* to Exclude Evidence Relating to Alleged Concealment ("Motion"). Opposition at 2-3, 6-8. The allegations of the indictment do not, however, conclusively establish the scope of the conspiracy (even assuming *arguendo* that there was one). *See* Motion at 5-6. Instead, the determinant is what the evidence at trial will show. That evidence will *not* show that the conspiracy continued beyond May 2011 or that there was an *express original agreement* to continue to conceal the alleged fraud that extended the life of the charged conspiracy to include the alleged concealment activities.[1]

For present purposes, it simply does not matter whether the conspiratorial agreement alleged

---

[1] Should the Court decide that the issue should be submitted to the jury, as the government contends, McLellan has submitted a requested instruction regarding the scope of conspiracy/concealment issue. *See* Defendant Ross McLellan's Requests for Instructions to the Jury (Doc. 362) at 32-33.

included the option of continuing to "secretly overcharg[e]" additional transition management clients after the end of the Irish Pension Fund transition. *See* Opposition at 2-3. Many charged conspiracies are open-ended in terms of their goals—more drugs to distribute, more banks to rob, more contracts to be obtained through bribery, and a myriad other scenarios—but the *Grunewald* concealment inquiry does not look to the scope of the substantive offenses contemplated by the conspiratorial agreement but rather to whether the original conspiratorial agreement expressly included an agreement to continue to cover up the crimes that were committed during the course of the specific conspiracy alleged. *See* Motion at 4-5. This the evidence at trial will not show. The alleged concealment activities in this case were nothing more than what happens after the end of every conspiracy if the need arises—efforts to prevent discovery and apprehension. *Grunewald* and the other cases on which McLellan relies in his Motion make abundantly clear that the life span of a conspiracy cannot be artificially extended by concealment activities such as those charged in this case or by the speculative hypothesis that, absent detection, further offenses will necessarily be committed. To do so would extend the lives of conspiracies indefinitely and set at naught the protections afforded by the five-year statute of limitations of §371.

Contrary to the government's argument, Opposition at 2-3, 6, that the alleged conspirators might have continued to commit crimes had inquiries like those made by the British Government Pension Fund not been made is irrelevant to the *Grunewald* inquiry. *See, e.g., United States v. Twitty*, 72 F.3d 228, 233 (1st Cir. 1995)(acts of concealment did not extend life of conspiracy where defendants abruptly ceased criminal activity because the law was about to catch up with them);[2]

---

[2] The government's attempt to distinguish *Twitty* is unavailing. See Opposition at 7 n.1. The fact of the matter is that, unlike the scenario hypothesized in *Twitty*, the alleged coconspirators in this case did *not* continue to commit crimes. The government may say that the cases on which

*United States v. Gabriel*, 920 F. Supp. 498, 506 (S.D.N.Y. 1996)(acts of concealment were not in furtherance of conspiracy where they were aimed at preventing fraud victim from discovering the full extent of the fraud); *United States v. Marcus Schloss & Co.*, 710 F. Supp. 944 (S.D.N.Y. 1989)(irrelevant for *Grunewald* purposes that conspiracy came to an end because of detection and that defendants would have continued their insider trading indefinitely but for the detection).

      The government cites a number of allegations of concealment that predated May 2011, Opposition at 7-9, but it is not at acts or conduct before May 2011 that McLellan's Motion is aimed. It is concerned solely with alleged acts of concealment *after* May 2011. *Forman v. United States*, 361 U.S. 416 (1978), on which the government relies, Opposition at 8, exemplifies a particular type of conspiracy which by its very nature must include concealment to succeed. For example, *Forman* involved a tax evasion conspiracy, which by definition cannot succeed unless the unreported income continues to be concealed. The First Circuit reached a similar conclusion in *United States v. Upton*, 559 F.3d 3, 10 (1st Cir. 2009), which involved a concealment money laundering conspiracy. *See* Motion at 5 n.1. The reasoning of such cases cannot be extended to conspiracies in general without nullifying *Grunewald* because "every conspiracy will inevitably be followed by actions taken to cover the conspirators' traces." 353 U.S. at 402. *See* Motion at 4-5. Moreover, all conspiracies involve concealment during their course; such concealment says nothing about whether there was

---

McLellan relies are "inapt," *id.*, but it has not shown them to be so. The portion of *United States v. Turner*, 548 F.3d 1094, 1101 (D.C. Cir. 2008), that the government cites, Opposition at 7 n.2, is from a dissenting opinion. The majority rejected the government's argument that the conspiracy continued through the later concealment effort, concluding that "the government's position here is identical to the position it took in *Grunewald*: a conspiracy to conceal is being implied from elements which will be present in virtually every conspiracy case, that is, secrecy plus overt acts of concealment." *Id.* at 1097 (internal quotation marks omitted).

an express original agreement to continue to conceal after the conspiracy ended. The government's reliance on alleged acts of concealment during the course of the conspiracy asks the Court to do what *Grunewald* says it may not—infer the existence of an express original agreement "from circumstantial evidence showing merely that the conspiracy was kept a secret and that the conspirators took care to cover up their crime in order to escape detection and punishment." 353 U.S. at 401-02.

Finally, the government posits that the post-May 2011 statements and conduct may be admissible on other grounds, such as to show McLellan's knowledge, intent, or consciousness of guilt. Opposition at 10-11. Without conceding the admissibility of any specific post-May 2011 evidence for any reason, the point of McLellan's motion is what it is *not* admissible for—as proof of overt acts during the course of the conspiracy. Whether it is admissible for other purposes is a question for another day.

## CONCLUSION

For all the foregoing reasons, as well as all the reasons addressed in defendant's Motion, the Motion *in Limine* to Exclude Evidence Relating to Alleged Concealment should be granted.

Respectfully submitted,
By his attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (telephone)
(617) 338-9538 (fax)
owlmgw@att.net

**/s/ Robert M. Goldstein**
Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this 23rd day of May, 2018, I caused the within Reply to be served on all registered participants through its filing with this Court's CM/ECF system.

**/s/ Martin G. Weinberg**
Martin G. Weinberg