UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                            )
                                                            )
UNITED STATES OF AMERICA            )
                                                            )
v.                                                           )                    No. 16-CR-10094-LTS
                                                            )
ROSS MCLELLAN,                               )
                        Defendant                )
                                                            )
_____ )

**DEFENDANT ROSS MCLELLAN'S REPLY TO GOVERNMENT'S OMNIBUS
RESPONSE IN OPPOSITION TO HIS MOTIONS *IN LIMINE***

For the reasons set forth herein and in Mr. McLellan's opening motion, Mr. McLellan's

Motion *in Limine* to Exclude the State Street Deferred Prosecution Agreement, Dkt. 373, should

be granted.[1]

The validity of the count alleging a wire fraud committed against the U.S. Insurance

Company depends entirely upon whether "the offense affect[ed] a financial institution."  18

U.S.C. § 3293(2).  Crucially, on the face of the statute, it is the particular "offense" that must

have the requisite effect, not any vague "course of conduct" or "common scheme."  It is

somewhat counterintuitive then that the government seeks to use a Deferred Prosecution

Agreement ("DPA") that makes no mention whatsoever of the U.S. Insurance Company to prove

that an alleged fraud on that entity affected State Street.  Indeed, the DPA is entirely predicated

upon alleged conduct relating to transitions conducted on behalf of Europe, Middle East, and

_____

[1] Mr. McLellan continues to press all of the arguments raised in his other motions *in limine* and
does not waive any of those arguments.

1

Africa ("EMEA") clients.  As Mr. McLellan has gone to great lengths to explain elsewhere, the

EMEA counts and the count relating to the U.S. Insurance Company allege two "independent,"

and fundamentally different, schemes.  Dkt. 353 at 1.  Even if otherwise, the DPA is specifically

limited to counts 1-5 and makes no mention of count 6 or the U.S. Insurance Company.

Making matters worse, the EMEA DPA carries great potential for unfair prejudice.  In it,

Mr. McLellan's former employer agreed to "a detailed recitation of the Government's allegations

against Mr. McLellan, Mr. Boomgaardt, and Mr. Pennings as they relate to the six EMEA

transition management clients."  Dkt. 373 at 2.  The government insists that "[t]he factual basis

of State Street'[s] DPA would not be offered for the purpose of proving anything about the

defendant's conduct; the DPA itself and the legal obligations contained therein are the proof, not

any statements of fact."  Dkt. 395 at 13.  Mr. McLellan submits that, if the full document is

admitted into evidence, it is not realistic to ask the jury to make this distinction.  Instead, while

Mr. McLellan does not concede that the EMEA DPA holds any relevance to the U.S. Insurance

Company charge, to the extent the Court disagrees, it should, at most, admit a partial copy of the

document sufficient to show solely that State Street entered into an agreement and agreed to pay

a fine but not the amount of payment nor the nature of the allegations which match the ones in

any count of the Indictment.  The government could, alternatively, adduce testimony along these

lines from a "corporate representative of State Street" as to potential risks to a company without

the overwhelming risks of spillover prejudice that would inexorably result from a jury learning

that State Street agreed with and adopted in detail the Government allegations against Mr.

McLellan. Dkt. 395 at 13.

For the foregoing reasons, and the reasons set forth in his opening motion, Mr. McLellan

respectfully requests that his Motion *in Limine* to Exclude the State Street Deferred Prosecution

Agreement be granted.

                                                   Respectfully submitted,

                                                   Ross McLellan
                                                   By his Attorneys,

                                                   **/s/ Martin G. Weinberg**
                                                   Martin G. Weinberg
                                                   Mass. Bar No. 519480
                                                   20 Park Plaza, Suite 1000
                                                   Boston, MA 02116
                                                   (617) 227-3700
                                                   owlmgw@att.net

                                                   **/s/ Robert M. Goldstein**
                                                   Robert M. Goldstein
                                                   20 Park Plaza, Suite 1000
                                                   Boston, MA 02116
                                                   (617) 742-9015
                                                   rmg@goldstein-lawfirm.com

Dated: May 30, 2018

## CERTIFICATE OF SERVICE

       I, Martin G. Weinberg, hereby certify that on this date, May 30, 2018, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

                                                   **/s/ Martin G. Weinberg**
                                                   Martin G. Weinberg