UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROSS MCLELLAN, )<br>)<br>Defendant. )<br> ) | Criminal No. 16-10094-LTS |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S
WITNESS AND EXHIBIT LISTS**

The government respectfully submits these objections to the defendant's witness and exhibit lists.

The defendant has indicated, through counsel, that the defense case-in-chief will last three to five days. Yet the defense witness list contains 26 names. Excluding keepers of records and individuals the government understands to be character witnesses, there are 17 fact or expert witnesses. The defendant plainly does not intend to call all of these witnesses. Moreover, the defense has provided no materials pursuant to Fed. R. Crim. P. 26.2 for any witnesses other than one expert. While some of the witnesses have been subject to depositions, others have no discernible relevance to this case. Accordingly, the government respectfully requests that the defendant be directed to provide a realistic witness list, and to provide relevant prior statements of defense witnesses or—if the defendant contends that no such statements exists—a proffer of their expected testimony.

Likewise, the defendant's list of 219 exhibits—many of them subject to the hearsay, relevance and Rule 403 concerns identified in the government's prior filings—make clear that the defendant intends to use the government's witnesses to put in his case-in-chief. Indeed, the

defendant says as much, noting that he reserves the right to "introduce documents or audios during his cross-examination of Government witnesses." Dkt. 403 at 1. Particularly in such circumstances, the government respectfully submits that the defendant should be required to provide advance disclosure of audio exhibits it intends to use during its cross-examination—which counsel made clear at yesterday's status conference have already been identified and either transcribed or summarized. As the Court noted, the alternative—recalling witnesses to permit the government to examine them about audio tapes once it has had the benefit of listening to them—would delay the trial and disrupt the orderly flow of proceedings. In this case, however, it would also be impossible. The witnesses through whom virtually all of the audio recordings are to be introduced are residents of the United Kingdom. Once they have returned home, it will be a practical impossibility to have them return to be re-examined.

Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER | ANDREW E. LELLING |
| Acting Chief, Fraud Section | United States Attorney |
| Criminal Division | |
| | |
| By: */s/ William E. Johnston* | By: */s/ Stephen E. Frank* |
| WILLIAM E. JOHNSTON | STEPHEN E. FRANK |
| Trial Attorney | Assistant U.S. Attorney |

## CERTIFICATE OF SERVICE

I certify that on May 31, 2018, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

*/s/ Stephen E. Frank*
STEPHEN E. FRANK