UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-10094-LTS |
| | ) | |
| ROSS MCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDERS ON PRETRIAL MOTIONS

June 1, 2018

SOROKIN, D.J.

After reviewing all submissions relating to the parties' various motions *in limine* and other pretrial motions, the Court makes the following Orders.

1. Defendant McLellan's *Motion for Rule 15 Depositions of Krystina Beck and Simone Paul*, Doc. No. 296, is DENIED as moot, in light of the Court's May 15, 2018 order, Doc. No. 350, the unwillingness of each witness to appear, and the imminency of trial.

2. McLellan's *Motion for Jury Questionnaire*, Doc. No. 338, is DENIED as this is not the type of case warranting such a procedure. In addition, it is denied (1) for the reasons discussed at the final pretrial conference and (2) as moot in light of the Court's anticipated questions and defense counsel's opportunity to solicit additional information during *voir dire*.

3. McLellan's *Motion to Exclude Evidence Relating to Alleged Concealment*, Doc. No. 340, is DENIED without prejudice to renewal. The scope of the conspiracy, including its

main criminal objectives, is a question of fact for the jury to resolve.  U.S. v. Upton, 559 F.3d 3, 11 (1st Cir. 2009).

4. McLellan's *Motion to Exclude Evidence Relating to Transition Conducted for the Dutch Pension Fund*, Doc. No. 343, is DENIED for the reasons outlined in the government's memorandum.

5. McLellan's *Renewed Motion to Sever Count Six*, Doc. No. 353, is DENIED.  The government's opposition describes various evidence common to both Counts 1-5 and Count 6.  The government also describes various admissions made by Defendant, and similar evidence from common witnesses, that would be admissible in separate trials as evidence of intent, knowledge, and absence of mistake.  Finally, the similar time period and similar scheme arising out of the same context (Defendant's work at State Street in transition management) minimize the risk of unfair prejudice from a propensity-type inference and may enhance the weight of the probative force of the evidence.

6. The government's *Motion to Preclude Introduction of Self-Serving Hearsay and Undesignated Audio Recordings*, Doc. No. 357, is DENIED to the extent it seeks to require advance designation of the audio to be used on cross examination, and otherwise DENIED without prejudice to renewal in response to specific evidence.  The Court will further address this issue with counsel on June 4.

7. The government's *Motion to Preclude Introduction of Inadmissible and Irrelevant Third-Party Hearsay*, Doc. No. 358, is DENIED without prejudice to renewal in response to specific evidence.

8. The government's *Motion to Exclude Evidence of Statements or Reactions by State Street Executives*, Doc. No. 359, is DENIED without prejudice to renewal in response to specific evidence.

9. McLellan's *Motion to Preclude Individual Investor Representatives from Testifying about Importance of Alleged Misstatements*, Doc. No. 360, is DENIED, as such testimony generally is relevant to the issue of materiality, and the jury may determine the appropriate weight to give these witnesses' present testimony of the importance of the alleged misstatements.

10. McLellan's *Motion to Exclude McLellan's Statements to Agents from ConvergEx Investigation*, Doc. No. 361, is DENIED, as such statements may be relevant and admissible as to McLellan's knowledge and intent.  The Court will consider a limiting instruction at the time of the relevant testimony regarding the issues discussed at the final pretrial conference, if requested by Defendant.

11. McLellan's *Motion to Admit into Evidence 17 CFR 240.10b-10 and S. 2114*, Doc. No. 365, is ALLOWED in part and DENIED in part.  McLellan may seek to admit the regulation, so long as he establishes a basis for his personal knowledge of that regulation at the time of the conduct charged.  However, the failed Senate bill is irrelevant to any fact in this case on the present record.

12. The government's *Motion to Limit Defendant's Proposed Expert Testimony*, Doc. No. 366, is DENIED without prejudice to renewal in response to specific evidence.

13. McLellan's *Motion to Admit Foreign Deposition Testimony*, Doc. No. 368, remains under advisement.

14. McLellan's *Motion to Exclude State Street Deferred Prosecution Agreement*, Doc. No. 373, is ALLOWED.  The document is unfairly prejudicial and, at best, weakly probative of the "affecting a financial institution" element in Count Six (the only purpose for which it is offered).  Thus, it is excluded under Fed. R. Evid. 403.

15. McLellan's *Motion to Compel Production of Documents Related to U.S. Insurance Company Transition*, Doc. No. 379, remains under advisement.

                                        SO ORDERED.

                                          /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                        United States District Judge