UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 16-CR-10094-LTS |
| ROSS MCLELLAN,<br>            Defendant | ) ) ) ) ) | |

**DEFENDANT ROSS MCLELLAN'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S OBJECTION TO HIS WITNESS AND EXHIBIT LISTS**

The government's written objection to the defendant's proposed witness list—a unique pleading given that the ordinary complaint is that the defense ambushed the government by failing to identify witnesses pretrial—is entirely ungrounded. *See* Dkt. 404 at 1 (asserting that Mr. McLellan's list of twenty-six possible witnesses is not "realistic"). The defendant has listed twenty-six potential witnesses, but, as will be explained below, the likely testimony of all but four of them presents little mystery to the government.

Indeed, despite the government's hyperbolic complaints, the witness list filed by Mr. McLellan is easily discernable. Dkt.404 at 1 (asserting that some witnesses "have no discernible relevance to this case"). There are four potential expert witnesses—the defense has provided the government with a thirteen-page disclosure regarding its experts (excluding attachments), and the government has filed no objection to or complaint regarding the sufficiency or adequacy of the expert disclosure.[1] Another fourteen witnesses identify Mr. McLellan himself, a summary

---

[1] Indeed, as Mr. McLellan expressly indicated in his Motion to Sever, the combination of

1

witness (Sean Murphy), seven character witnesses, two keeper-of-records witnesses (for State Street and the U.S. Insurance Company, respectively), and three former State Street lawyers (whose potential testimony has been actively litigated by the parties in this case).[2] Mr. McLellan has already verbally explained the purpose and intent of the testimony of the summary witness and character witnesses, and the government seemingly takes no issue as to those eight witnesses. Dkt. 404 at 1 ("Excluding keepers of records and individuals the government understands to be character witnesses, there are 17 fact or expert witnesses").

That leaves only eight other witnesses on Mr. McLellan's list, all but four of whom were deposed in the parallel litigation, and all but one of whom are current or former State Street employees who appear on documents and/or calls produced by the government. Requiring the government to prepare for these witnesses entails no unfair burden. This is especially so given its virtually unfettered access to State Street.

On its face, and especially within the context of the magnitude of issues presented by the superseding indictment levied by the government, the defense witness list is entirely reasonable and provided to the government in absolute good faith. The defense is not clairvoyant—it is not presently in a position to definitively conclude which witnesses it will *actually* call, as contrasted with witnesses it "intends" to call, which is precisely why each of the listed names remains on

---

multiple jurisdictions, subject to divergent regulatory regimes, in the same joint trial increases the number of experts required. Dkt. 292 at 5. Having successfully opposed Mr. McLellan's request for severance, the government is now in a poor position to complain about the possibility of multiple expert witnesses, particularly since Mr. McLellan has provided a fulsome thirteen-page disclosure summarizing their anticipated testimony.

[2] Indeed, two of the three attorneys sat for depositions in the parallel civil enforcement proceedings.

the defense witness list. *Cf.* Dkt. 404 at 1 ("The defendant plainly does not intend to call all of these witnesses."). Indeed, the government neglects to mention that the defendant has already stricken four names from his original witness list, and provided prompt notice to the government when he determined there was no longer an intent to call those particular witnesses.

In the face of a prosecution that includes an original production of approximately 1.35 million pages of documents, innumerable additional productions including an additional 70,000-plus pages received in the four months prior to trial, and countless FBI "302" reports and other prior statements which continue to flow from the government in the weeks and days preceding trial (as usual), the defense witness list is entirely fair, reasonable and compliant with both the letter and spirit of the Rule. It was the government, not Mr. McLellan, that decided to bring charges lumping together eight different transitions, conducted on behalf of seven different clients, located in five different countries, on three different continents.

Next, the government complains that Mr. McLellan has only provided a prior statement from one of his possible witnesses. Dkt. 404 at 1. That is so, because that is the only Rule 26.2 statement in the defendant's possession. Of course, unlike the government, Mr. McLellan does not have a bevy of FBI agents at his discretion and he has not enjoyed unlimited access to State Street and its current/former employees. Indeed, Mr. McLellan unsuccessfully attempted to interview several such individuals. If the government directs State Street to have its employees grant the defense interviews – reversing years in which State Street repeatedly rejected requests for such interviews – Mr. McLellan would be happy to institute a practice of preparing and then sharing written memoranda reflecting the contents of those interview.

Mr. McLellan sees no need to respond to the government's argument regarding his

exhibit list in light of this Court's ruling today.  Dkt. 405.

For the foregoing reasons, Mr. McLellan respectfully requests that this Honorable Court overrule the government's Objection to Defendant's Witness and Exhibit Lists.

Respectfully submitted,

Ross McLellan
By his Attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

**/s/ Robert M. Goldstein**
Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated: June 1, 2018

### CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, June 1, 2018, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg
