UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )     No. 16-10094-LTS
                                    )
ROSS MCLELLAN,                      )
        Defendant                   )
                                    )
_____ )

**DEFENDANT ROSS MCLELLAN'S SUPPLEMENTAL REQUESTS FOR INSTRUCTIONS TO THE JURY**

Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (telephone)
(617) 338-9538 (fax)
owlmgw@att.net

Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldsteinlawfirm.com

**Supplemental Request No. 1**

**Undisclosed Revenues[1]**

You have heard evidence that State Street earned allegedly undisclosed revenues on transactions that it conducted as part of the transitions managed for its transition management clients. I instruct you that the earning of undisclosed revenues is not the offense charged in this case, and you cannot convict Mr. McLellan based on the earning of undisclosed revenues alone. Instead, as I have instructed, you cannot convict Mr. McLellan of securities fraud or wire fraud unless you find beyond a reasonable doubt that he made or caused to be made affirmative false statements that satisfy all the other elements of the offense as I have defined [or will define] them for you.

---

[1] This instruction is predicated on the government's representation to the Court that "[n]ondisclosed revenues are not the subject of this case, lies are the subject of this case." Tr. 6/12/18 at 107; *see also* Defendant Ross McLellan's Requests for Instructions to the Jury (Doc. 362) at 2 n.1 (quoting government's statement that "this is a case about *affirmative* representations" (emphasis in original)).

**Supplemental Request No. 2**

**Cooperating Witness Testimony**

You have heard the testimony of Edward Pennings and Rick Boomgaardt. They provided evidence under agreements with the Government, which provide, in part, that the Government in its sole discretion can file a motion requesting that the sentencing court impose a reduced sentence on the cooperating witness. The filing of such a motion is dependent on the Government's determination that the witness provided "substantial assistance" in the prosecution of Mr. McLellan. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from any ordinary witness.

Although some people in this position are entirely truthful when testifying, you must consider the testimony of Mr. Pennings and Mr. Boomgaardt with particular care and caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. You must determine whether the testimony of such witnesses has been affected by any interest in the outcome of this case, any prejudice for or against Mr. McLellan, or by any of the benefits they have received or expect to receive from the Government. If, after scrutinizing their testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

You may only consider Mr. Pennings and Mr. Boomgaardt's guilty pleas in assessing their credibility. You are not to consider their guilty pleas as evidence against Mr. McLellan in any way. In particular, you may not rely on evidence of Mr. Pennings or Mr. Boomgaardt's plea as evidence that the Government satisfied any of the requisite elements of securities fraud, wire fraud, or aiding and abetting securities fraud or wire fraud, or any of the requisite elements of

conspiracy. It is not evidence at all as to any element of the allegations against Mr. McLellan.

## Supplemental Request No. 3

## Good Faith[2]

Since an essential element of the crimes charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to all of the crimes charged. If the defendant believed in good faith that he was acting properly—for example, if he relied in good faith on Mr. Pennings' promises that the charging of undisclosed trading revenues was approved by UK Legal and/or consistent with the contracts entered into by State Street Bank Europe— there would be no crime, even if Mr. McLellan was mistaken in that belief, and even if others felt injured by his conduct. Put another way, a person who acts on a belief or opinion honestly held is not punishable under the charging statutes merely because the opinion or belief turns out to be wrong. Thus, even if you conclude that Mr. Pennings made false statements to one or more of the clients, and even if you conclude as the Government has alleged that Mr. McLellan caused such false statements to be made, you still cannot convict Mr. McLellan unless you further find that Mr. McLellan's conduct was done with fraudulent intent and with a purpose to disobey or disregard the law with the specific intent that the underlying crime be committed--that is to say, with bad purpose, either to disobey or disregard the law.

It is for you to decide whether the defendant acted in good faith. If you decide that the defendant acted in good faith, it is your duty to acquit him. That is because, however mistaken, misleading or even deceptive conduct may have been, the law is not violated if the defendant acted in good faith and held an honest belief that his actions were proper and not in furtherance

of any illegal venture.

The defendant has no burden to establish the defense of good faith. The burden of establishing lack of good faith and criminal intent always rests upon the Government. The Government must prove willfulness, knowledge of falsity, and intent to deceive beyond a reasonable doubt. If you find that the Government has failed to prove beyond a reasonable doubt that the defendant acted without good faith, failed to prove that he was a knowing or willful participant in the conduct, failed to prove that he acted with a purpose to disobey or disregard the law with the specific intent that the underlying crime be committed, or failed to prove that he acted with an intent to deceive, you must acquit him. You cannot convict a defendant on the charges in this case based on his mistakes, errors, carelessness, or neglect.

---

[2] Mr. McLellan has revised his earlier proposed good-faith instruction to reflect the trial evidence to date.

## Supplemental Request No. 4

## Breach of Contract not a Crime

Along similar lines, breach of contract is not a crime. Thus, even if you conclude that State Street breached its contracts with some or all of the relevant clients, you still cannot convict Mr. McLellan unless you find that he acted with fraudulent intent and with a purpose to disobey or disregard the law. The mere fact that Mr. McLellan or others at State Street may have misread or misinterpreted a contractual term or relied upon contractual terms to pursue "sharp" or aggressive business practices, is not a crime. On the other hand, to the extent you conclude that State Street complied with the terms of the relevant contracts or that Mr. McLellan relied on those contracts, that is evidence of Mr. McLellan's good-faith belief in the legality of his actions.

## Supplemental Request. No. 5

## Contracts Supersede Prior Representations[3]

In determining whether State Street fulfilled the relevant contracts, you should keep in mind that the written contracts supersede all prior promises between the parties, including RFP responses, pre-trade estimates, and oral representations.

Respectfully submitted,
Ross McLellan
By his attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (telephone)
(617) 338-9538 (fax)
owlmgw@att.net

**/s/ Robert M. Goldstein**
Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

---

[3] This request is based, in part, on the fact that several of the relevant contracts contain integration clauses, and the RFP responses include an express disclaimer of reliance on any representations made in the documents.

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this 16th day of June, 2018, I caused the within Motion to be served on all registered participants through its filing with this Court's CM/ECF system.

**/s/ Martin G. Weinberg**
Martin G. Weinberg