UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 16-10094-LTS |
| ROSS MCLELLAN, | ) ) ) | |
| Defendant. | ) ) | |

### GOVERNMENT'S MOTION TO COMPEL DISCLOSURE OF DEFENSE EXPERT AGREEMENTS AND INVOICES[1]

The government respectfully files this motion to compel disclosure of the agreements entered into between the defendant and his testifying expert witnesses, as well as the invoices they have submitted.

On or about April 20, 2018, the defendant provided notice to the government of four experts that he may call in his case-in-chief. The government has made two requests of the defendant to produce the agreements detailing their compensation and any invoices that the experts have sent to the defendant for services performed to date. The defendant has declined to produce them. Local Rule 116.2(b)(1)(C) requires the government to disclose to the defense whether "any promise, reward, or inducement has been given to any witness whom the government anticipates calling in its case-in-chief . . . and a copy of any promise, reward, or inducement reduced to writing." The rationale for this rule is obvious: it goes to bias. The government respectfully requests that a similar rule apply to the defense in this case, as the Court has broad discretion under Federal Rule of Criminal Procedure 16(d), for good cause, to permit

---

[1] Pursuant to Local Rule 7.1(a)(2), the government has conferred with counsel for the defendant, who has indicated that he opposes this motion.

such discovery. Cf. United States v. North, 708 F. Supp. 399, 401 (D.D.C.1988) ("[T]he federal courts have long recognized that a degree of defense disclosure is necessary to prevent introduction of vital or unexpected proof, which has a tendency to force adjournment delay to permit investigation or to resolve new legal problems presented.").

Expert witnesses, who are frequently paid handsomely for their time, may have an incentive to tilt their testimony toward their clients. Without the documents that actually embody and reflect the agreement between the defendant and the expert, there is no way for the government to effectively cross-examine the witness and ensure that the jury is aware of the full extent of the witness's potential bias. Cf. Mills v. Kia Motors Am., Inc., 1:08-cv-115, 2011 WL 13175875, at *4 (M.D. Ga. Feb. 22, 2011) ("[B]ias in a witness is almost always relevant evidence and [] a witness's business relationship with a party is evidence of bias"). Indeed, this is why Federal Rule of Civil Procedure 26 codifies the requirement that parties must disclose the amount of compensation. Fed. R. Civ. Proc. 26(a)(2)(B)(vi). Therefore, the government, requests that the Court exercise its discretion under Federal Rule of Criminal Procedure 16 and order the defense to produce the agreements and invoices between the defendant and his experts.

Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER<br>Acting Chief, Fraud Section<br>Criminal Division | ANDREW E. LELLING<br>United States Attorney |
| By: */s/ William E. Johnston*<br>WILLIAM E. JOHNSTON<br>Trial Attorney | By: */s/ Stephen E. Frank*<br>STEPHEN E. FRANK<br>Assistant U.S. Attorney |

**CERTIFICATE OF SERVICE**

I certify that on June 17, 2018, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

/s/ *William E. Johnston*
WILLIAM E. JOHNSTON