UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10094-LTS |
| | ) | |
| ROSS MCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OBJECTIONS TO DEFENDANT'S
SUPPLEMENTAL JURY INSTRUCTIONS**

The government respectfully submits objections to defendant Ross McLellan's proposed

supplemental jury instructions, Dkt. 437.

OBJECTION TO SUPPLEMENTAL REQUEST NO. 1

The defendant has once again requested an instruction that seeks to confuse the jury and

escape alternate forms of affirmative misrepresentation liability, including half-truths,

misleading statements, and omissions that make other statements misleading.  At the risk of

sounding like a broken record, the government reiterates that it has *never* disclaimed these

alternate forms of liability—and indeed, in accordance with prevailing authorities, view them as

*affirmative* misrepresentations.[1]  Rather, it has only disclaimed a theory of liability based on

omissions in the presence of a duty to disclose.  Moreover, an instruction that "the earning of

---

[1] Courts have repeatedly held that omitting to state facts necessary to make statements, in light of the circumstances under which they were made, not misleading constitutes an affirmative misrepresentation.  See, e.g., United States v. Kone, 303 F. App'x 38, 40 (2d Cir. 2008); United States v. Lloyd, 807 F.3d 1128, 1153 (9th Cir. 2015) ("A broker cannot affirmatively tell a misleading half-truth about a material fact to a potential investor because the duty to disclose in these circumstances arises from the telling of a half-truth, independent of any responsibilities arising from a truth relationship."); United State v. Sumeru, 449 F. App'x 617, 622 (9th Cir. 2011) (half-truths, where materials facts were concealed or omitted alongside other statements, are affirmative misrepresentations); United States v. Autuori, 212 F.3d 105, 119 (2d Cir. 2000) (affirmative misrepresentations include failures to disclose alongside other statements).

undisclosed revenues is not the offense charged" is unnecessary. The government has never

alleged that merely not disclosing revenues is the charged crime. So long as the jury is instructed

that there must be false or misleading statements, half-truths, or omissions that make other

statements misleading, there will be no risk of the jury convicting based solely on failing to

disclose revenues. Accordingly, the government requests an instruction in line with the

Instructions 57-20 and 57-21, of Sand et al., 2 Modern Federal Jury Instructions (2016).

## OBJECTION TO SUPPLEMENTAL REQUEST NO. 2

The government objects to the defendant's suggested instruction on cooperators'

testimony, and instead requests the instruction suggested in the government's Proposed Jury

Instruction No. 17. See Dkt. 367 at 31. The government's instruction is less wordy and still

communicates the same substance: (1) that the guilty pleas of the cooperators' may not be

considered as evidence of the defendant's guilt, and (2) that the cooperators' testimony deserves

special scrutiny because cooperators hope for leniency in exchange for cooperation. The jury

does not need extra elaboration, as is contained in the defense's instruction, on exactly *how* the

defendant hopes to receive leniency. The defendant is free to underscore that point in his

closing argument.

## OBJECTION TO SUPPLEMENTAL REQUEST NO. 3

The government objects to the defendant's separate good faith instruction, just as it did in

its filed objections to the defendant's first set of instructions, Dkt. 421. Again, the defendant

attempts to enlist the Court in his attempt to frame his good faith argument in a misleading

manner. Over *three* paragraphs, it needlessly repeats phrases like "specific intent" and "purpose

to disobey or disregard the law" in an attempt to make the jury believe the defeating good faith is

an impossible hurdle for the government to clear. Aside from its tendentious character, the

proposed instruction wrongly limits the defendant's potential liability to statements the defendant

caused Mr. Pennings to make. In fact, the evidence at trial has shown that Boomgaardt *and*

Pennings made false statements and spoke half-truths as part of the scheme to defraud—which

the defendant directed and participated in—and that the defendant caused other false statements

to be made by other State Street employees, such as Kevin Walker and transition analysts who

worked under Boomgaardt in London. *Any* false statement in furtherance of the scheme that was

caused by the defendant is a basis for criminal liability. At most, the good faith instruction,

which should be incorporated into the intent to defraud element, should spell out that a mistaken,

but good faith, belief by the defendant that the charged conduct was permissible at the time he

did it defeats criminal intent.

<u>OBJECTION TO SUPPLEMTNAL REQUEST NO. 4</u>

The jury does not need an additional instruction that breach of contract alone does not

constitute a crime. This represents merely another attempt by the defendant to have the Court

improperly endorse one of his defenses. The standard instructions on securities fraud and wire

fraud make it clear that fraudulent intent must have accompanied the false statements or material

omissions at the time they were made. Therefore, breach of contract cannot be a basis of liability

if there was no fraudulent intent at the time the statement or omission was made.

Even if a breach contract instruction were appropriate—and it is not—the defendant's

instruction is way off mark. It is for the jury to decide what weight, if any, to give to the

defendant's supposed reliance on a contract. The jury should not be instructed that the

defendant's reliance on the contract "is evidence of Mr. McLellan's good faith belief in the

legality of his actions," Dkt. 437 at 7, just as the jury should not be given an instruction that

endorses the opposite view of the evidence—that merely using a contract as an after-the-fact

excuse is inconsistent with good faith.  See United States v. Keister, No. 92-30417, 1994 WL

168280, at *3 (9th Cir. May 9, 1994) (defendant not entitled to jury instruction that lack of

fraudulent intent was founded on "a legal contract modification" because the "the defense was

adequately covered by the district court's instruction that 'intent to defraud' means to act

knowingly and with the specific intent to deceive").  The government, by relying on pattern

instructions, has attempted to hew to neutral descriptions of the law.

OBJECTION TO SUPPLEMENTAL INSTRUCTION NO. 5

Supplemental instruction No. 5 is *factually* incorrect and misleading, and should be

rejected.  The written contracts in this case *do not* "supersede . . . RFP responses, pre-trade

estimates, and oral representations."  Dkt. 437 at 8.  In fact, the contracts that give rise to the

defendant's contract defense—the transition management agreements (TMAs)—were all signed

years before the transitions at issue:  the NTMA TMA was signed in 2007, see Ex. 99-1; the

Royal Mail TMA was signed in 2005, see Ex. 2; and the Sainsbury TMA was signed in 2009, see

Ex. 3.  The add-on contracts were periodic notices or transition notices, which were signed

contemporaneously with the transitions.  For those transitions, all the alleged misstatements,

including the RFP responses, pre-trade estimates, and oral representations, occurred *after* the

TMAs had been signed.  Moreover, the evidence at trial has shown that material misstatements

were made both before and after the signing of the periodic notices; therefore, it is for the jury to

decide whether any specific oral or written misstatement is material in light of a contractual

phrase.

More broadly, contracts do not insulate defendants from intentional misrepresentations.

Courts have repeatedly held that contractual disclaimers, which are the supposed basis for the

defendant's instruction, has little bearing in a criminal fraud case.  See, e.g., United States v.

4

Weaver, 860 F.3d 90, 95 (2d Cir. 2017) (holding that "contractual disclaimers of reliance on prior misrepresentations do not render those misrepresentations immaterial under the criminal mail and wire fraud statutes"); United States v. Ghilarducci, 480 F.3d 542, 546-47 (7th Cir. 2007) (rejecting argument that contractual disclaimers "stating that no oral promises had been made" made oral representations immaterial).  It is for the jury to decide what weight, if any, to give to particular contractual phrases.  Because this is not a breach of contract case, a legal instruction as to the effect of any particular contractual provision is unnecessary and only likely to confuse the jury.

Respectfully submitted,

SANDRA MOSER                                ANDREW E. LELLING
Acting Chief, Fraud Section                 UNITED STATES ATTORNEY
Criminal Division

By:  */s/ William E. Johnston*              By: */s/ Stephen E. Frank*
WILLIAM E. JOHNSTON                         STEPHEN E. FRANK
Trial Attorney                              Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2018, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

*/s/ William E. Johnston*
WILLIAM E. JOHNSTON