UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>ROSS MCLELLAN,   )<br>    Defendant  ) | No. 16-10094-LTS |

**DEFENDANT ROSS MCLELLAN'S SUPPLEMENTAL REQUEST FOR INSTRUCTION TO THE JURY**

Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (telephone)
(617) 338-9538 (fax)
owlmgw@att.net

Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldsteinlawfirm.com

**Supplemental Request No. 1**

**Adverse Inference[1]**

As you have heard, six of the seven transition management clients at issue in this case are foreign entities. For this reason, many relevant witnesses and documents are located outside the United States and the subpoena power of this Court. The Government had the ability to obtain testimony and documents from many of these foreign countries by exercising its rights under "Mutual Legal Assistance Treaties." Mr. McLellan asked that the Government use these treaties to help him, but the Government refused. Accordingly, Mr. McLellan received no relevant documents from NTMA, and only some of the relevant documents from Royal Mail, Sainsbury, Dutch Doctors, and Eircom. The Government also resisted Mr. McLellan's efforts to obtain testimony from three former State Street lawyers residing outside the United States, Krystyna Beck, Simone Paul, and Sarah Lewis. While the United States does not have a Mutual Legal Assistance Treaty with Kuwait, the Government has been in regular contact with the KIA and several of its employees, but it declined to call any witnesses from that entity (including the

---

[1] *See, e.g., United States v. Santana-Perez*, 619 F.3d 117, 124 (1st Cir. 2010) ("In some circumstances, a party's failure to produce evidence may justify an inference that the evidence would have been unfavorable to the non-producing party. This general rule of evidence encompasses everything from the decision not to call a witness to the intentional destruction of documents. . . . Although the particulars of the required showing vary from situation to situation, the basic thrust is always the same: the circumstances must be such that a reasonable jury could conclude that the evidence in question was unfavorable to the non-producing party." (internal footnote omitted)). Here, as Mr. McLellan has explained time and again, the evidence in question is directly relevant to this case, unquestionably accessible to the Government either via a formal MLAT request or a more informal request to entities and individuals actively cooperating with the Government's investigation, and utterly inaccessible to Mr. McLellan without Government assistance. *See, e.g.*, Dkt. 281 at 4. Regardless of whether or not the Court may order the Government to exercise its treaty rights, it plainly has the ability to issue an adverse inference instruction in these circumstances. Because there is no known countervailing reason for the Government's refusal to invoke the MLAT and level the "playing field" between the parties, the requested instruction is the minimal appropriate response to the Government's deliberate decision-making. *See* Dkt. 276 at 10.

former employee referred to as "Mr. Das") or to help Mr. McLellan obtain testimony or documents from any such witnesses.

    If you find that the Government failed to call witnesses or produce documents, or assist Mr. McLellan in calling witnesses or producing documents, that it knew to be relevant to a contested issue in this case, then you may infer that the contents of the missing evidence were unfavorable to the Government.

                                                    Respectfully submitted,
Ross McLellan
By his attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (telephone)
(617) 338-9538 (fax)
owlmgw@att.net

**/s/ Robert M. Goldstein**
Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

## CERTIFICATE OF SERVICE

    I, Martin G. Weinberg, hereby certify that on this 19th day of June, 2018, I caused the within Motion to be served on all registered participants through its filing with this Court's CM/ECF system.

                                                **/s/ Martin G. Weinberg**
                                                Martin G. Weinberg