UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 16-10094-LTS |
| ROSS MCLELLAN, | ) ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
SUPPLEMENTAL REQUEST FOR INSTRUCTION TO THE JURY**

The government respectfully submits this response in opposition to the defendant's supplemental request for an instruction to the jury concerning the "failure to disclose additional facts to clients." Dkt. 451.

From the outset, the defendant has attempted to make this a case about alleged omissions in the face of a duty to disclose, and thereby to exculpate himself by contending that he was under no duty to disclose markups on riskless principal trades. Today, his expert witness testified in support of that argument, contending that Rule 10b-10 does not require broker-dealers to disclose markups on riskless principal trades.

The government has consistently made clear that this is not an omissions case—that is, a case about omissions *in the face* of a duty to disclose. "An omissions case is where the defendant does not speak about the fraud at all (he omits everything). In an omissions case a defendant may commit fraud by mere silence, but only if an independent duty to speak exists." United States v. Spanier, No. 16-CR-1545-BEN, 2017 WL 1336998, at *2 (S.D. Cal. Apr. 7, 2017). This is, instead, an affirmative misstatements case—which under every common understanding includes half-truths and statements that are deliberately false or misleading by

virtue of what they omit.  See, e.g., United States v. Kone, 303 F. App'x 38, 40 (2d Cir. 2008) (rejecting argument that government had advanced an "omissions" theory because affirmative misrepresentations include "half-truths" and omitting "to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading"); United State v. Sumeru, 449 F. App'x 617, 622 (9th Cir. 2011) (half-truths, where materials facts were concealed or omitted alongside other statements, are affirmative misrepresentations); United States v. Autuori, 212 F.3d 105, 119 (2d Cir. 2000) (affirmative misrepresentations include failures to disclose alongside other statements).  "*In contrast to an omissions case*, in a half-truths case the duty to disclose arises from the truth already half-spoken."  Spanier, 2017 WL 1336998, at *2; see also id. (noting that "[C]ommon law fraud has long encompassed certain misrepresentations by omission.  It can also include half-truths.") (further citation omitted); United States v. Lloyd, 807 F.3d 1128, 1153 (9th Cir. 2015) ("A broker cannot affirmatively tell a misleading half-truth about a material fact to a potential investor because the duty to disclose in these circumstances arises from the telling of a half-truth, independent of any responsibilities arising from a truth relationship.")

There has never been any ambiguity about the government's position in either its filings or oral statements.  The defendant's proposed instruction should be rejected.

                            Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER | ANDREW E. LELLING |
| Acting Chief, Fraud Section | United States Attorney |
| Criminal Division | |
| | |
| By:  /s/ William E. Johnston | By: /s/ Stephen E. Frank |
| WILLIAM E. JOHNSTON | STEPHEN E. FRANK |
| Trial Attorney | Assistant U.S. Attorney |

## **CERTIFICATE OF SERVICE**

I certify that on June 19, 2018, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

/s/ *William E. Johnston*
WILLIAM E. JOHNSTON