UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____        )
                                        )
                                        )
UNITED STATES OF AMERICA                )
                                        )
v.                                      )        No. 16-cr-10094-LTS
                                        )
ROSS MCLELLAN                           )
       Defendant                        )
                                        )
_____        )

**RESPONSE TO GOVERNMENT OBJECTIONS TO DEFENSE EXHIBITS**

Now comes the defendant Ross McLellan, by and through undersigned counsel, and hereby respectfully submits the following responses to the Government's objections to defense exhibits, Dkt. 454:

| **Exhibit #** | **Admissibility** |
|---|---|
| 708 | Business record and is admissible under Fed. R. Evid. 803(17) |
| 1063 | Not offered for truth of any matters asserted, but just to show fact that alleged victim solicited future business with State Street  This email also shows alleged victim's knowledge that remuneration is built into spread. |
| 1129 | Not offered for truth of any matters asserted, but just to show fact of soliciting future business with State Street and the clients' ability to negotiate Transition Management Agreement terms. |
| 530 | Business records |
| 532 | Admissible under Fed. R. Evid. 803(3) as contemporaneous reflection of state of mind.  Mr. McLellan believed that the new FedEx business was due in part to prior concession by State Street. |
| 533 | Mere fact of communication, where Mr. McLellan informs Mr. Woodard of interactions with Mr. Pennings, is relevant. |
| 534 | Mere fact of communication, openly reporting on KIA to high-level executives, is relevant. |
| 535 | Mere fact of communication is relevant to explain Mr. McLellan's subsequent desire not to share info with Samina Vernon.  This belief doesn't depend on truth of Mr. Penning's statement. |
| 537 | Mere fact of Ross not giving in to EP's demands is relevant without regard to truth of any matters asserted. |

1

| | |
|---|---|
| 538 | Mere fact of communication, Mr. McLellan joking about Mr. Pennings with Mr. Smit, undercuts the allegation of conspiracy. |
| 540 | Mere fact of communication, which relates to transparently reporting revenues internally, is relevant. |
| 541 | Mere fact of Mr. McLellan's willingness to reimburse for loss is relevant to counter Government's arguments concerning the Royal Mail transition. |
| 542 | Mere fact of friendly communication from a client setting up lunch meetings with State Street personnel shows client was happy with State Street. |
| 544 | Mere fact of Mr. Boomgaardt's explanation is relevant to explain Mr. McLellan's subsequent actions (regardless of its truth). |
| 548 | Mr. Pennings telling Mr. McLellan that Royal Mail knew State Street was taking money elsewhere is relevant to his state of mind during alleged concealment, which the Government expressly asserts lasted through September. |
| 549 | Mere fact of Mr. McLellan communicating on Project Eagle during relevant timeframe is relevant. |
| 550 | Mere fact of open communication with Mr. Puth and Mr. Woodard about these issues relevant. |
| 553 | Admissible pursuant to Fed. R. Evid. 1006. |
| 556 | Not hearsay. Not relevant for truth of any matters asserted but for the simple fact of Mr. McLellan providing the accurate numbers. |

Respectfully submitted,

Ross McLellan
By his Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: June 20, 2018

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, June 20, 2018, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg