UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-10094-LTS |
| | ) | |
| ROSS MCLELLAN | ) | |

FINAL JURY CHARGE

June 25, 2018

Members of the Jury:

You have now heard all of the evidence in this case. It is time for me to give you my final instructions on the law you must apply when considering the evidence and reaching your verdict. You will notice that I'm going to be reading verbatim much of what I say to you now. I do that because this is no time for creativity or spontaneity on my part. This case—indeed, every criminal case—is governed by very well-established legal principles. This is not my law that I give to you now. This is the law handed down to us by our Supreme Court, federal appellate courts, and the United States Congress, and it is very important that I give you the law fully and accurately. So please bear with me if I appear to be reading at times and not speaking to you in a conversational way.

My instructions will be in three parts: first, general rules and legal principles that control your duties as jurors and your consideration of the evidence you have heard; second, specific definitions and legal principles related to the elements of the offenses charged in this case; and third, guidelines for how you are to conduct your deliberations and return a verdict. I will give

you a copy of these instructions to take with you into the jury room when you deliberate, so you should listen carefully but need not take notes as I read them to you.

## Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case.  You, and you alone, are the judges of the facts.  My opinion about the evidence in this case, if I have one, is totally irrelevant.  You should not interpret anything I have said or done during the trial as indicating what I think about a witness or a piece of evidence or what I believe the verdict should be.  It is your job, not mine, to determine what the facts are in this case.

To those facts, you must apply the law as I give it to you.  The determination of the law is my duty as the judge.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  Just as no one may question the facts as you find them, you may not question the law as I give it to you.  You must decide the case solely on the evidence before you and according to the law as I give it to you.  The oath you took at the beginning of the case was a promise to do just that.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions any suggestions by me as to what verdict you should return — that is a matter entirely for you to decide.

**Presumption of Innocence and Proof Beyond a Reasonable Doubt**

Every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.  That means that Mr. McLellan is innocent in the eyes of the law unless and until you, the jury, decide by a unanimous vote that the government has proved his guilt beyond a reasonable doubt.  This presumption is not a mere formality.  It is a cardinal principle in our justice system and a matter of the most important substance.

The presumption of innocence means that the burden of proof is always on the government to prove that Mr. McLellan is guilty of each crime with which he is charged beyond a reasonable doubt.  This is a heavy burden, and one which never shifts to Mr. McLellan.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The law does not require Mr. McLellan to prove his innocence or to produce any evidence at all.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  Mr. McLellan has the benefit of that presumption, and you are not to convict him of any crime charged unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The term "reasonable doubt" is often used, but it is not easily defined.  Reasonable doubt exists when, after weighing and considering all of the evidence in the case using your reason and common sense, you cannot say that you have a firm and settled conviction that a charge is true.

A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence.  Mr. McLellan has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of any crime charged against him.  It is not necessary for you to conclude that Mr. McLellan is factually innocent in order to return a

4

"not guilty" verdict.  Such a verdict means only that the prosecution has not met its burden of proving Mr. McLellan guilty beyond a reasonable doubt.

You may not convict Mr. McLellan based on speculation or conjecture.  You may, however, draw reasonable inferences from the evidence.  I will explain more about what types of inferences you may and may not draw shortly.  The government has not met its burden, and you may not convict Mr. McLellan, if you decide that it is equally likely that he is guilty or not guilty.  It is not sufficient for the government to establish a probability, even if it is a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require the government to offer proof that overcomes every possible doubt.  It requires that the evidence exclude any reasonable doubt concerning Mr. McLellan's guilt.

Whether the government has sustained its burden of proof does not depend on the number of witnesses it has called or on the number of exhibits it has offered, but rather on the nature and quality of the evidence presented.

Again, Mr. McLellan is presumed to be innocent, and the government bears the burden of proving his guilt beyond a reasonable doubt.  If, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. McLellan's guilt of a crime charged, you should vote to convict him of that crime.  On the other hand, if, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. McLellan's guilt of the crime charged, it is your duty to acquit him of that crime.

**Defendant's Constitutional Right Not to Testify**

All criminal defendants, including Mr. McLellan, have a constitutional right not to testify.  Like the presumption of innocence, this is a fundamental principle in our system of criminal justice.  No inference of guilt, or of anything else, may be drawn from the fact that Mr. McLellan did not testify.  For any of you to draw such an inference – or even to discuss in your deliberations Mr. McLellan's decision not to testify – would be wrong, and would violate your oath as a juror.

**<u>What Is Evidence; Stipulations; Inferences</u>**

The evidence in this case consists of: sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and the facts to which the lawyers have agreed or stipulated.  You should consider all of the evidence, no matter what form it takes and no matter which party introduced it.

A stipulation means simply that the government and Mr. McLellan accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact, but you may give it whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You also are permitted to draw any reasonable inferences you believe are justified in light of common sense and personal experience.  An inference is a deduction or conclusion that may be drawn from the facts that have been established.  Any inference you draw must be reasonable and based on the facts as you find them.  Inferences may not be based on speculation or conjecture.

**Direct and Circumstantial Evidence**

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of a witness that the witness saw or did something. Circumstantial evidence is indirect evidence – that is, proof of a fact or facts from which you could draw a reasonable inference that another fact exists, even though it has not been proven directly.

You all have experience in your everyday life drawing inferences based upon circumstantial evidence.  For instance, imagine it was sunny when you arrived here this morning, but just now someone walked into the courtroom wearing a wet raincoat and carrying a dripping umbrella.  Without any words being spoken, and without looking outside for yourself, you might draw the reasonable inference that it is now raining outside.  In other words, the facts of the wet raincoat and the dripping umbrella would be circumstantial evidence that it is raining.

You are entitled to consider both direct and circumstantial evidence.  Neither type of evidence is considered superior or inferior to the other.  The law permits you to give equal weight to both; it is for you to decide how much weight to give to any piece of evidence.

**What Is Not Evidence**

Certain things are not evidence. I listed them for you in my preliminary instructions at the start of the trial, and I'll remind you of them now:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they said in their opening statements, closing arguments, and at other times during the trial was intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(2)     Questions to the witnesses – whether by the lawyers or by me – are not evidence standing alone.  Again, the lawyers are not witnesses, and neither am I.  The question and the witnesses' answer, taken together, are the evidence.

(3)     Objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the fact that an objection was made or by my ruling on it.  If I sustained an objection, you must ignore the question or exhibit and should not speculate or guess what the answer might have been or what the exhibit might have contained.

(4)     Anything you may have seen or heard when court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5)     Notes, if you have kept them, are not evidence.  They are a personal memory aid to be used to refresh your recollection of the evidence during the deliberations.  Do not assume simply because something appears in someone's notes – even your own – that it is necessarily what happened or was said in court.

(6)    The indictment is not evidence. I caution you, as I have before, that the fact that Mr. McLellan has had an indictment filed against him is not evidence of his guilt.  The indictment is simply an accusation, and the means by which the charge was brought before this court.  It proves nothing.

(7)    Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence, and you must not consider it.

**Limiting Instructions as to Particular Kinds of Evidence**

At times, a particular item of evidence was received for a limited purpose only.  You may use such evidence only for one specific purpose, and not for any other purpose.  I have told you when that occurred and instructed you on the purposes for which the item can and cannot be used.  You must adhere to those instructions when you consider those items during your deliberations.

**Improper Considerations**

You must decide this case solely upon the evidence.  You must not be influenced by any personal likes, dislikes, prejudices, or sympathies you may have about Mr. McLellan or any of the witnesses, or about the nature of the crimes with which Mr. McLellan is charged.  You may not consider or be influenced by any possible punishment or other consequences that may be imposed on Mr. McLellan as a result of a conviction.  The duty of imposing sentence rests exclusively with me.  The question of possible punishment is of no concern to you and should not influence your deliberations in any way.  As I have explained, your function is to weigh the evidence in the case, and to determine whether the government has proved Mr. McLellan's guilt beyond a reasonable doubt relying only upon the evidence, and according to the law.

**Credibility**

      Most evidence received in this case was offered through witness testimony. As the jury, you are the sole judges of the credibility of the witnesses. You do not have to accept the testimony of any witness if you find the witness not credible. In deciding what the facts are, you must determine what testimony you believe and what testimony you do not believe. To do this, you must look at all the evidence, drawing upon your common sense and personal experience. You may choose to believe everything a witness said, only part of it, or none of it.

      In deciding whether to believe a witness's testimony, you may consider a number of factors, such as:

- the witness's conduct and demeanor while testifying;

- the witness's apparent fairness, or any bias he or she may have displayed;

- any interest you discern that the witness may have in the outcome of the case;

- any prejudice the witness may have shown;

- the witness's opportunity to see, hear, or know the things about which he or she testified;

- the reasonableness of the events that the witness related to you, in light of the other evidence which you believe;

- the quality of the witness's memory; and

- any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict the witness's version of the events.

**<u>Prior Inconsistent Statements</u>**

You have heard at various times that certain witnesses who testified in this trial made previous statements about the same subject matter as their trial testimony.  You may consider those earlier statements to help you decide how much of the witness's testimony to believe.  If you find that a witness's prior statement was not consistent with that witness's testimony at this trial, then you should decide whether that affects the believability of that person's testimony. Sometimes, of course, people make innocent mistakes; not every contradiction or inconsistency is necessarily important.  Again, you alone are the judges of the witnesses' credibility.

Some prior inconsistent statements may be used for purposes other than impeachment.  If you find that a witness has made inconsistent statements under oath on an earlier occasion, such as in a prior court proceeding, you may consider that earlier statement for its truth or falsity, the same as any testimony at this trial.

**<u>Cooperating Witness Testimony</u>**

You heard evidence that Edward Pennings and Rick Boomgaardt pleaded guilty to charges arising from the events that are the subject of this trial.  You must not consider their guilty pleas as evidence of Mr. McLellan's guilt.  The decisions by Mr. Pennings and Mr. Boomgaardt to plead guilty were personal decisions about each person's own guilt.  You should disregard their guilty pleas completely when considering Mr. McLellan's guilt or innocence. You may consider the guilty plea by Mr. Pennings or Mr. Boomgaardt only for the purpose of determining how much, if at all, to credit his testimony.  You should give Mr. Pennings's or Mr. Boomgaardt's testimony the weight you believe it deserves, keeping in mind that it must be considered with particular caution and great care.

You also have heard evidence that Mr. Pennings and Mr. Boomgaardt testified and provided evidence under agreements with the government.  You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from any ordinary witness.  A witness who admits to committing a crime and testifies against others pursuant to a plea agreement with the government almost always does so in the expectation of more lenient treatment as a reward for his cooperation.  Although some people in this position are entirely truthful when testifying, you must consider the testimony of Mr. Pennings and Mr. Boomgaardt with particular care and caution.  They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.  You must determine whether the testimony of such witnesses has been affected by any interest in the outcome of this case, any prejudice for or against Mr. McLellan, or by any of the benefits they have received or expect to receive from the government.  If, after scrutinizing their testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

## Expert Testimony

You have heard testimony from two expert witnesses in this case, Marc Menchel and Michael Travaglini, about securities trading and the investment industry.  A witness who has special knowledge, experience, or training on a particular topic may testify and state an opinion concerning such matters.

Just like any other evidence, you may accept or reject such testimony in whole or in part. In weighing any expert's testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert's qualifications (such as his education, experience, and training), the soundness of the reasons given for his opinion, and all other evidence in the case.  You should not accept a witness's testimony merely because he is an expert, nor should you substitute it for your own reason, judgment, and common sense.  Remember that you alone determine the facts in this case.  You alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**Law Enforcement Witnesses**

You have heard the testimony of government agents, including special agents for the Federal Bureau of Investigation.  You must evaluate that testimony just like any other testimony or evidence in this case in deciding whether to accept or reject it.  The fact that a witness may be employed as a government agent does not mean that his testimony is deserving of more or less consideration or greater or less weight than that of any other witness.  Again, it is for you to decide whether to accept the testimony of any witness, and what weight, if any, to give that testimony.

**Audio Recordings and Transcripts**

During the trial, you heard audio recordings of phone conversations featuring Mr. McLellan or certain witnesses. These recordings were admitted as exhibits and are part of the evidence in this case for you to consider. To assist you in listening to the recordings, I allowed you to have transcripts to read along as the recordings were played. The transcripts were merely to help you understand what was said on the recordings; these transcripts will not be available to you as evidence during your deliberations. If you believe at any point that a transcript said something different from what you heard on the corresponding recording, remember that it is the recording that is the evidence, not the transcript. Any time there is a variation between a recording and its transcript, you must be guided solely by what you heard on the recording and not what you saw in the transcript.

**<u>Statements by the Defendant</u>**

You have heard evidence that Mr. McLellan made certain statements, for instance, in email conversations, in recorded phone calls, and during an interview with a special agent with the FBI.  The government claims that in those statements, Mr. McLellan admitted certain facts. It is for you to decide: (1) whether Mr. McLellan made the statements; and (2) if so, how much weight to give those statements.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made, and any facts or circumstances tending to corroborate or contradict the version of events described in the statements.

## **Multiple Counts**

Mr. McLellan is charged in an indictment that contains six separate counts that charge six different crimes.  Each count will be set forth separately on the verdict form you will be asked to return.  You must consider each count separately, and you must return a separate verdict as to each count.  You may find Mr. McLellan guilty of every charge, you may find him not guilty of every charge, or you may find him guilty of some charges and not guilty of others.  Your verdict as to each count must be unanimous, and must be determined solely on the evidence, or lack of evidence, presented against Mr. McLellan on that count.

**Exhibits and Exhibit Numbers**

The exhibits that have been admitted in evidence for your consideration will be given to you when you retire for your deliberations.  The numbers assigned to the exhibits are for convenience and to ensure an orderly procedure.  You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

I am now going to instruct you on the nature of the crimes charged in the indictment and the elements of each offense that the government must prove beyond a reasonable doubt.

## Count One: Conspiracy, 18 U.S.C. § 371

Count One of the indictment accuses Mr. McLellan of conspiring with Edward Pennings, Rick Boomgaardt, and others to commit a federal crime.  Specifically, Mr. McLellan is alleged to have conspired to commit the crimes of securities fraud and wire fraud by agreeing to engage in a scheme to defraud at least six of State Street's transition management clients in Europe and the Middle East, by applying hidden commissions to securities trades conducted on behalf of those clients, in or about and between February 2010 and September 2011.

For you to find Mr. McLellan guilty of conspiracy, you must be convinced that the government has proven each of the following three things beyond a reasonable doubt:

First, that an agreement to commit securities fraud and/or wire fraud existed between at least two people, in or about and between February 2010 and September 2011;

Second, that Mr. McLellan willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

You will note that the government charged Mr. McLellan with committing offenses "on/in or about" certain specific dates.  It does not matter if the indictment charges that a specific act occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the date alleged in the indictment and the date established by testimony or exhibits.

A conspiracy is an agreement, spoken or unspoken, express or tacit, among two or more conspirators, to accomplish a criminal or unlawful purpose. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime, including the object of the conspiracy. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

The government does not have to prove that Mr. McLellan agreed to commit both securities fraud and wire fraud in order for you to find him guilty of the conspiracy charge. The government must, however, prove that Mr. McLellan agreed to commit at least one of these two crimes. You cannot find Mr. McLellan guilty of conspiracy unless you unanimously agree that the same federal crime was the object of the conspiracy. That is, to convict Mr. McLellan of conspiracy, you all must agree that Mr. McLellan is guilty of conspiracy to commit securities fraud, and/or you all must agree that Mr. McLellan is guilty of conspiracy to commit wire fraud.

To act "willfully" means to act voluntarily and intelligently, and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law, and not to act by ignorance, accident, or mistake. The government must prove two types of intent beyond a reasonable doubt before Mr. McLellan can be said to have willfully joined the conspiracy charged here: an intent to agree; and an intent, whether reasonable or not, that securities fraud and/or wire fraud be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

23

Proof that Mr. McLellan willfully joined in the agreement must be based upon evidence of his own words and/or actions.  You need not find that Mr. McLellan agreed specifically to or knew about all the details of the crime; that he knew every other co-conspirator; that he participated in each act of the agreement; or that he played a major role in it.  However, the government must prove beyond a reasonable doubt that Mr. McLellan knew the essential features and general aims of the venture.  Even if Mr. McLellan was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  The overt act itself need not be illegal.  Only one overt act has to be proven.  The government is not required to prove that Mr. McLellan personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

Question 1.A. of the Verdict Form asks you to decide whether the government has proved beyond a reasonable doubt that Mr. McLellan conspired to commit securities fraud by rendering a verdict of Guilty or Not Guilty.  Question 1.B. of the Verdict Form asks you to decide whether the government has proved beyond a reasonable doubt that Mr. McLellan conspired to commit wire fraud by rendering a verdict of Guilty or Not Guilty.

**Counts Two and Three: Securities Fraud, 15 U.S.C. §§ 78j(b) and 78ff(a) and Rule 10b-5**

Count Two and Count Three charge Mr. McLellan with securities fraud.  Congress has

passed laws regulating the purchase and sale of securities in the United States.  Section 78j(b) of

Title 15 of the United States Code states, in part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means
> or instrumentality of interstate commerce or of the mails, or any facility of any
> national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security
> registered on a national securities exchange or any security not so registered, . . .
> any manipulative or deceptive device or contrivance in contravention of such
> rules and regulations as the [Securities and Exchange Commission] may prescribe
> as necessary or appropriate in the public interest or for the protection of investors.

Section 78ff(a) of Title 15 provides in relevant part that no person may

> willfully violat[e] any provision of this chapter … or any rule or regulation
> thereunder[.]

Rule 10b-5, a regulation adopted by the Securities and Exchange Commission, reads as

follows:

> It shall be unlawful for any person, directly or indirectly, by the use of any means
> or instrumentality of interstate commerce, or of the mails or of any facility of any
> national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material
> fact necessary in order to make the statements made, in the light of the
> circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would
> operate as a fraud or deceit upon any person, in connection with the purchase or
> sale of any security.

Elements of Securities Fraud

Count Two alleges that Mr. McLellan violated these laws by committing securities fraud

in relation to fixed income and equity securities traded on behalf of NTMA as part of a transition

managed by State Street in multiple tranches, in or about and between February 2011 and May 2011.

For you to find Mr. McLellan guilty of securities fraud, you must be convinced that the government has proven each of the following three things beyond a reasonable doubt:

First, that in connection with the purchase or sale of one or more of the securities traded on behalf of NTMA, Mr McLellan did at least one of the following:

> (1) Employed a "device, scheme or artifice to defraud";

> (2) Made an untrue statement of a material fact or omitted to state a material fact necessary to make the statements not misleading in light of the circumstances; or

> (3) Engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon NTMA;

Second, that Mr. McLellan acted willfully, knowingly, and with the intent to defraud; and

Third, that Mr. McLellan used, or caused to be used, any means or instruments of interstate commerce, or of the mails, or of any national securities exchange in furtherance of the fraudulent conduct.

### Requirements of a Fraudulent Act

With respect to the first element, it is not necessary for the government to establish all three types of unlawful conduct. You may find this element satisfied if you determine the government has proven any one fraudulent act, but you must be unanimous as to which type of conduct, if any, has or have been proven beyond a reasonable doubt. That is, to convict Mr. McLellan, you must all agree that the same type of conduct described above has been proven.

Neither success of the scheme nor profit or benefit from the scheme are elements of the crime charged.

<u>"In Connection with the Purchase or Sale of a Security"</u>

The first element of this offense requires the government to prove beyond a reasonable doubt that the alleged conduct was "in connection with the purchase or sale of a security."  This requirement is satisfied if you find that Mr. McLellan's alleged conduct in some way "touched upon" or "coincided" with a securities transaction—that is, that the alleged fraud or deceit had some relationship to these individual sales or purchases.

<u>"Device, Scheme, or Artifice to Defraud"</u>

One type of unlawful conduct that the government may prove beyond a reasonable doubt is the existence of a "device, scheme, or artifice to defraud."  A "device, scheme, or artifice to defraud" means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.  A "device" is an invention, a contrivance, or the result of some plan or design.  A "scheme" is a design or a plan formed to accomplish some purpose.  An "artifice" is an ingenious contrivance or plan of some kind.

<u>Material Misrepresentation</u>

A second type of unlawful conduct that the government may prove is the making of an untrue statement of a material fact or the deliberate omission to state a material fact necessary to make statements not misleading in light of the circumstances.  A statement, claim, or document is fraudulent (1) if it was false when it was made, or if it was made with reckless indifference as to its truth or falsity, and (2) if it was made or caused to be made with an intent to deceive.  A deceitful statement of half-truths or the concealment of material facts may also constitute fraud under the statute, if such half-truth or concealment was intended to be misleading.  However, there is no general legal duty to disclose fixed income commissions, spreads, or markups or

markdowns in the absence of some other representation.  You may not convict Mr. McLellan solely based on the taking of undisclosed revenues.

In deciding whether Mr. McLellan has made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made not misleading, you may consider both (1) statement(s) or omission(s) that Mr. McLellan personally made and (2) statement(s) or omission(s) that Mr. McLellan caused to be made.

If you find that the government has established beyond a reasonable doubt that a statement was false or a fact fraudulently omitted, you must next determine whether the fact misstated or omitted was material under the circumstances.  A fact is "material" if there is a substantial likelihood that a reasonable investor would consider the fact important when making an investment decision.  In other words, a statement contains a material fact if there is a substantial likelihood that a reasonable investor engaging a transition manager would view the statement as significantly altering the total mix of information available.  In determining whether a fact is material, you may consider all of the circumstances surrounding the making of the statement.  You may consider the testimony of a victim as evidence in determining what would be material to a hypothetical reasonable investor under the circumstances.

<u>Fraud or Deceit</u>

A third type of fraudulent conduct that the government may prove is an act, practice, or course of business that operated as a fraud or deceit upon NTMA.

<u>Intent</u>

The second element of the crime of securities fraud that the government must prove beyond a reasonable doubt is that Mr. McLellan participated in the scheme to defraud knowingly, willfully, and with intent to defraud.

An act is done "knowingly" if it is done purposefully and deliberately, and not because of a mistake, accident, mere negligence, or some other innocent reason.

"Willfully" here means to act with the intent to do something that the law forbids—that is to say, with the bad purpose either to disobey or to disregard the law.  The government need not prove that Mr. McLellan knew that he was breaking any particular law or rule.  The government must prove, however, that he was aware of the general wrongfulness of his acts, and that his acts were not due to negligence, inadvertence, or mistake.

A person acts with "intent to defraud" if he acts knowingly and with the specific intent to deceive.  In other words, to act with an intent to defraud means to know of the fraudulent nature of a scheme and to act with the intent that the scheme succeed—ordinarily, but not necessarily, for the purpose of causing some loss to another or to bring some gain to oneself.

The question of whether Mr. McLellan acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, just as you determine any other fact at issue. This question involves Mr. McLellan's state of mind and the purpose for which he acted at the time the acts in question occurred.  Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent.  Such direct proof is not required.

Knowledge and intent, though subjective, may be proven by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  Circumstantial evidence, if believed, is of no less value than direct

evidence.  Regardless of whether evidence is circumstantial or direct, the government must prove the essential elements of the crime charged beyond a reasonable doubt.

As I have mentioned, success is not an element of the crime charged.  However, if you find that Mr. McLellan did profit from the alleged scheme, you may consider that in considering Mr. McLellan's state of mind.

Good Faith

Because an essential element of securities fraud is intent to defraud, if you find that Mr. McLellan acted in good faith, or held an honest belief that his actions were proper and not in furtherance of any unlawful activity, you cannot convict him of that crime.  However misleading or deceptive conduct may have been, Mr. McLellan did not violate the law if he acted in good faith.  False statements or misrepresentations are not fraudulent unless made with fraudulent intent.  Mr. McLellan has no burden to establish a defense of good faith; the burden is always on the government to prove criminal intent and consequent lack of good faith beyond a reasonable doubt.

Use of Any Instrumentalities of Interstate Commerce

or Any National Securities Exchange

The third and final element that the government must prove beyond a reasonable doubt with respect to Counts Two and Three is that Mr. McLellan knowingly used, or caused to be used, either (a) any instrumentalities of interstate commerce or (b) a facility of a securities exchange in the United States, in either case, in furtherance of the scheme to defraud.

The term "instrumentalities of interstate commerce" include any number of means of conducting commerce or communication among one or more than one state, such as interstate telephone calls and emails.  Instrumentalities of interstate commerce include the use purely

within one state of a telephone call, email, or any other instrument used to conduct interstate communications.

The government need not prove that Mr. McLellan was directly or personally involved in using an instrumentality of interstate commerce or a facility of a securities exchange in the United States.  It is enough if you find that Mr. McLellan, by his actions, directly or indirectly initiated steps, or induced others to initiate steps, that resulted in a causal chain of events resulting in the use of an instrumentality of interstate commerce.

With regard to using instrumentalities of interstate commerce like telephones or email, it is not necessary that whatever was communicated was fraudulent or otherwise criminal or objectionable.  The matter communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud.  The use of any instrumentality of interstate commerce also need not be central to the execution of the scheme.  All that is required is that the use of any instrumentality of interstate commerce bears some relation to the object of the scheme or fraudulent conduct.

Some of the transactions that you heard about involved trades of securities in over-the-counter markets rather than on a securities exchange.  For these types of securities to be the subject of securities fraud, the government must prove that the purchase or sale of such securities occurred in the United States.  A purchase or sale of securities occurs in the United States if (1) the seller incurs irrevocable liability to deliver a security within the United States, or the buyer incurs irrevocable liability to pay for a security within the United States or (2) if title to the security passes within the United States.  Securities transactions conducted by a U.S.-based agent on behalf of a foreign buyer or seller can still occur in the United States even if title originates from abroad, or is ultimately transferred abroad at the end of the transaction.

Accordingly, you cannot convict Mr. McLellan on Count Two unless you find that the government has established all three elements of securities fraud that I just described.  Question 2 of the Verdict Form asks you to decide whether the government proved beyond a reasonable doubt that Mr. McLellan committed securities fraud with respect to the NTMA transition by rendering a verdict of Guilty or Not Guilty.

Count Three

Count Three of the indictment alleges that Mr. McLellan committed securities fraud in relation to fixed income securities traded on behalf of Royal Mail as part of a transition managed by State Street in or about March 2011.  You should apply the explanation of the elements of securities fraud that I previously gave you with respect to Count Two.  Question 3 of the Verdict Form asks you to decide whether the government proved beyond a reasonable doubt that Mr. McLellan committed securities fraud with respect to the Royal Mail transition by rendering a verdict of Guilty or Not Guilty.

**Counts Four and Five: Wire Fraud, 18 U.S.C. § 1343**

Mr. McLellan is charged in Count Four and Count Five with wire fraud.  Chapter 1343 of Title 18 of the United States Code prohibits,

> having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice[.]

Count Four charges Mr. McLellan with wire fraud relating to an April 5, 2011 email from Edward Pennings to Mr. McLellan allegedly noting plans to "increase the spread" on trades conducted for NTMA.

For you to find Mr. McLellan guilty of wire fraud, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, that there was a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses;

<u>Second</u>, that the scheme to defraud involved the misrepresentation or concealment of a material fact, or the scheme to obtain money by means of false or fraudulent pretenses involved a false statement, half-truth, or knowing concealment concerning a material fact or matter;

<u>Third</u>, that Mr. McLellan knowingly and willfully participated in this scheme with the intent to defraud; and

<u>Fourth</u>, that for the purpose of executing the scheme or in furtherance of the scheme, Mr. McLellan caused an interstate or foreign wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used, on or about April 5, 2011 in the form of the alleged email from Pennings.

I will now explain these elements of wire fraud for you in greater detail.  Please note that the definitions of certain terms that you have already heard with respect to securities fraud in Counts Two and Three may differ in meaning with respect to wire fraud.

A "scheme" includes any plan, pattern, or course of action.  It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.  But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the indictment.  A breach of contract, sharp dealing, or unethical conduct alone, without further evidence of fraudulent intent, does not amount to a scheme to defraud.  However, you may consider a breach of contract, sharp dealing, or unethical conduct in determining whether there was a scheme to defraud.

The term "defraud" means to deceive another in order to obtain money or property.  Misrepresentations amounting only to a deceit are insufficient to maintain a wire fraud charge.  A scheme to defraud ordinarily is accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or entity or by a desire or purpose to cause some loss to some person or entity.

A scheme to defraud may be carried out by making false or fraudulent statements and representations.  You should analyze whether a statement or representation is false or fraudulent according to the instructions that I gave to you with respect to Counts Two and Three for securities fraud.

The term "false or fraudulent pretenses" means any false statements or assertions that were either known to be untrue when made or were made with either reckless indifference to

their truth or intent to defraud.  The term includes actual, direct false statements as well as half-truths and the knowing concealment of facts.

A fact is "material" if it has a natural tendency to influence or be capable of influencing the decision of the person to whom it was addressed under the circumstances.  In this case, you should consider whether the fact would have a natural tendency to influence or be capable of influencing the decision of a reasonable investor engaging a transition manager.

For purposes of wire fraud, a person acts "knowingly" if he is conscious and aware of his actions. Realizes what he is doing or what is happening around him, and does not act because of ignorance, mistake, or accident.

For purposes of wire fraud, an act is "willful" if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids or with specific intent to fail to do something the law requires to be done—that is to say, with bad purpose either to disobey or to disregard the law.

To act "with intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or to bring about some financial gain to oneself.  Thus, if Mr. McLellan acted in good faith, he cannot be guilty of wire fraud.  Misunderstanding legal requirements or simply being wrong do not preclude a finding that one's actions were undertaken in good faith.  Mr. McLellan has no burden to establish that he acted in good faith.  Rather, the burden is always on the government to prove fraudulent intent and lack of good faith, as with all other elements of the crime, beyond a reasonable doubt.

Again, intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what Mr. McLellan

knew or intended at a particular time, you may consider any statements made or acts done or omitted by Mr. McLellan and all other facts and circumstances received in evidence that may aid in your determination of Mr. McLellan's knowledge or intent.

Wire communications in interstate or foreign commerce include a telephone communication or email from one state to another, or between the United States and another country. The wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying out the scheme. There is no requirement that Mr. McLellan himself was responsible for the wire communication, that the wire communication itself was fraudulent, or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud. But the government must prove beyond a reasonable doubt that Mr. McLellan knew, or could reasonably have foreseen, that use of a wire communication would follow in the course of the scheme. To "cause" an interstate wire communication to be made is to do an act with knowledge that an interstate wire communication will follow in the ordinary course of business or where such a communication can reasonably be foreseen. Here, the government alleges an April 5, 2011 email as the wire communication.

Question 4 of the Verdict Form asks you to decide whether the government proved beyond a reasonable doubt that Mr. McLellan committed wire fraud with respect to NTMA (April 5, 2011 email) by rendering a verdict of Guilty or Not Guilty.

Count Five charges Mr. McLellan with wire fraud relating to a June 22, 2011 email from Mr. McLellan to Edward Pennings allegedly directing Pennings to inform Royal Mail that "inadvertent commissions" had been applied to trades in the United States. You should apply the explanation of the elements of wire fraud that I previously gave you with respect to Count Four.

Question 5 of the Verdict Form asks you to decide whether the government proved beyond a reasonable doubt that Mr. McLellan committed wire fraud with respect to Royal Mail (June 22, 2011 email) by rendering a verdict of Guilty or Not Guilty.

## Count Six: Wire Fraud Affecting a Financial Institution, 18 U.S.C. § 1343

Count Six charges Mr. McLellan with wire fraud affecting a financial institution.  Section 1343 of Title 18 of the United States Code provides wire fraud which "affects a financial institution[.]"

Specifically, Mr. McLellan is alleged to have committed wire fraud affecting both State Street Corporation and AXA Equitable Life Insurance Co. in connection with an alleged email, sent from Boston, Massachusetts to New York, New York, attaching a proposal to AXA to manage a fixed-income transition for a fee of approximately $592,000, on or about February 24, 2011.

For you to find Mr. McLellan guilty of wire fraud affecting a financial institution, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First, that there was a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses;

Second, that the scheme to defraud involved the misrepresentation or concealment of a material fact, or the scheme to obtain money by means of false or fraudulent pretenses involved a false statement, half-truth, or knowing concealment concerning a material fact or matter;

Third, that Mr. McLellan knowingly and willfully participated in this scheme with the intent to defraud; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, Mr. McLellan caused an interstate or foreign wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an

interstate wire communication would be used, on or about the dates alleged.  Here, the alleged wire communication is the February 24, 2011 email to AXA.

I have already explained to you these first four elements of this count with respect to Counts Four and Five.  In order to convict Mr. McLellan, you must find that the government has proved each of these four elements beyond a reasonable doubt.

A <u>fifth</u> element of Count Six requires the government to prove beyond a reasonable doubt that the wire fraud scheme charged in this count affected a financial institution.  The parties agree that the government has met its burden of proof that the conduct charged "affected a financial institution."  You are instructed to find this element satisfied.

Question 6 of the Verdict Form asks you to decide whether the government proved beyond a reasonable doubt that Mr. McLellan committed wire fraud with respect to AXA (February 24, 2011 email) affecting a financial institution by rendering a verdict of Guilty or Not Guilty.

**Aiding and Abetting**

I have just explained to you what the government must prove to establish that Mr. McLellan personally committed or participated in Counts <u>Two</u> through <u>Six</u>.  There is a second way that the government can prove Mr. McLellan guilty of these Counts.

The second way is for the government to prove, beyond a reasonable doubt, that Mr. McLellan aided and abetted the commission of the offense.

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

<u>First</u>, that someone else committed the charged securities fraud or wire fraud; and

<u>Second</u>, that Mr. McLellan consciously shared the other person's knowledge of the securities fraud or wire fraud, intended to help the other person, and took part in the criminal endeavor seeking to make it succeed.

To be found guilty as an aider and abettor, Mr. McLellan need not have committed the securities fraud or wire fraud, been present when it was performed, or been aware of the details of its execution.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of the securities fraud or wire fraud, even with knowledge that securities fraud or wire fraud was being committed, also is not sufficient to establish aiding and abetting.  But you may consider these among other factors.

**<u>Foreperson's Role and Unanimity</u>**

I come now to the last part of the instructions – the rules for your deliberations.

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement, if you can do so.  The first thing you must do is select a foreperson – this will be the first decision you make together, as a jury.  The foreperson will have the same voice and the same vote as the other deliberating jurors.  The foreperson will act as the moderator of the discussion and will serve as the jury's spokesperson.  The foreperson's most important obligation is to ensure that any juror who wishes to be heard on any material issue has a full and fair opportunity to be heard by his or her fellow jurors.  Your foreperson will preside over your deliberations and will speak for you here in court.  Your foreperson's vote or opinion as to what the verdict should be is not entitled to any greater weight than that of any other member of the jury.

Your verdict must be unanimous; all of you must agree on the verdict.

**Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all of the evidence, discussing it fully with your fellow jurors, and listening to the views of the other jurors.  Do not be afraid to change your opinion if you think you are wrong, but do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously.  There is no reason for you to think that another jury would be better qualified than you to decide this case.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if a greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that doing so is appropriate.

It is important that you attempt to return a verdict, but only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer outside your door.  The note must be signed by your foreperson or by one or more members of the jury.  None of you should ever attempt to communicate with me on anything concerning the case except by a signed writing.  I will communicate with any member of the jury on matters concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties before answering it, and I will do so as promptly as possible.  You may continue with your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**<u>Verdict Form</u>**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

**Final Points**

Members of the jury, it is now time for the case to be submitted to you.  The exhibits that were admitted in evidence will be sent back with you to consider in your deliberations.  You will also take your written copy of this charge.  I want to caution you, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole.  Each of you are equally entitled to read and consider the written charge as you see fit.

When you have commenced your deliberations, all of you must be together at all times when you are deliberating.  Whenever you need a recess for any purpose, your foreperson may declare one.  Do not discuss the case during a recess in your deliberations.  All discussion of the case should occur only when you are all together and your foreperson has indicated that deliberations may proceed.  This ensures that everyone in the jury has an equal opportunity to participate and to hear all of what other members of the jury have to say.

Thank you for your attention.  You may now go to the jury room and commence your deliberations.