UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 16-CR-10094-LTS |
| ROSS MCLELLAN,<br>　　　　Defendant | ) ) ) ) ) | |

**DEFENDANT ROSS MCLELLAN'S MOTION TO RECONSIDER MODIFICATIONS TO FINAL JURY CHARGE**

Now comes the Defendant, Ross McLellan, by and through undersigned counsel, and hereby respectfully moves this Honorable Court to reconsider certain changes reflected in its Final Jury Charge.[1]  As grounds and reasons therefor, Mr. McLellan relies on the Memorandum of Law incorporated herein.

**MEMORANDUM OF LAW**

First, Mr. McLellan asks the Court to reconsider its special verdict form, which now appears to provide the jury with two, rather than one, opportunities to convict Mr. McLellan of the conspiracy charged in Count 1.  While Mr. McLellan recognizes that he requested a verdict form that would ask the jury to specify whether the object of the conspiracy found was securities fraud, wire fraud, or both, he did not intend for the jury to have two opportunities to convict for a

---

[1] This motion is limited to modifications made to the jury charge after the June 22, 2018 charge conference.  Mr. McLellan does not waive any of the issues raised in his requests for instructions or in his objections at the conference.

1

single conspiracy. Rather, he envisioned Question 1 simply asking the jury whether or not Mr. McLellan is guilty of the charged conspiracy. If answered affirmatively, Question 1A would ask whether the object of that conspiracy was securities fraud, wire fraud, or both. *See United States v. Bravo-Fernandez*, No. 10-CR-232 (D.P.R.), Dkt. 438, attached hereto as Exhibit 1. This remains Mr. McLellan's preference for the verdict form. However, if the Court is not inclined to revise the form in this manner, Mr. McLellan would alternatively withdraw his initial request on this issue and ask that the Court use the original draft of the verdict form, which did not ask the jury to specify the object of the conspiracy found. Any change to the verdict form would also require a corresponding change to the explanation of that form in the Court's instructions. *See* Dkt. 466 at 24.

Second, Mr. McLellan asks the Court to edit the sentence indicating that there is generally no duty to disclose mark-ups on fixed income securities. The current language reads, "there is no general legal duty to disclose fixed income commissions, spreads, or markups or markdowns in the absence of some other representation." Dkt. 466 at 27-28. Mr. McLellan respectfully submits that the phrase "some other representation" is vague and creates a danger that the jury might convict Mr. McLellan by finding a duty to disclose based on some vague and non-specific "representation." Mr. McLellan asks the Court to strike the new phrase. To the extent the Court disagrees, Mr. McLellan alternatively requests that it at least insert "false" before "representation."

Third and finally, Mr. McLellan objects to the following language inserted in the most recent version of the Court's instructions: "However, you may consider a breach of contract, sharp dealing, or unethical conduct in determining whether there was a scheme to defraud." Dkt.

466 at 34.  The government has not charged or alleged sharp dealing or unethical conduct—instead, it has charged deliberate and affirmative lies with a specific intent to defraud.  The language invites a conviction on a theory not advanced by the government.  Moreover, Mr. McLellan submits that this language may be interpreted to allow the jury to convict him based on distasteful business practices, which, absent some intentionally false or misleading statement, do not amount to a criminal fraud.  It also invites consideration of a breach of contract when there has been no allegation or proof of one.

      For the foregoing reasons, Mr. McLellan respectfully requests that this Honorable Court reconsider the above-described modifications reflected in its Final Jury Charge.

Respectfully submitted,

Ross McLellan
By his Attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

**/s/ Robert M. Goldstein**
Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated: June 23, 2018

## **CERTIFICATE OF SERVICE**

     I, Martin G. Weinberg, hereby certify that on this date, June 23, 2018, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

                                               **/s/ Martin G. Weinberg**
                                               Martin G. Weinberg