UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )<br>)<br>ROSS MCLELLAN,                      )<br>            Defendant                     )<br> | No. 16-CR-10094-LTS |

**DEFENDANT ROSS MCLELLAN'S MOTION TO RECONSIDER OMISSION OF
"AFFIRMATIVE ACT" ELEMENT FROM AIDING AND ABETTING INSTRUCTION**

Now comes the Defendant, Ross McLellan, by and through undersigned counsel, and hereby respectfully moves this Honorable Court to reconsider its omission of an "affirmative act" element from its Final Jury Charge on aiding and abetting.[1]  As grounds and reasons therefor, Mr. McLellan relies on the Memorandum of Law incorporated herein.

**MEMORANDUM OF LAW**

It is blackletter law that, in order to be convicted of aiding and abetting, a defendant must "take[] an affirmative act in furtherance of th[e] offense." *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014); *see also United States v. Diaz-Rodriguez*, 853 F.3d 540, 544 (1st Cir. 2017) (same).  Consistent with this precedent, the First Circuit Pattern Criminal Jury Instructions expressly require the jury to find that the defendant "took an affirmative act to help or cause" the underlying crime.  Unlike the Pattern Instructions, the Court's Final Jury Charge does not

---

[1] Mr. McLellan continues to press, and does not waive, all other objections to the Court's instructions raised at the June 22, 2018 charge conference.

1

mention the "affirmative act" element of aiding and abetting liability.  This omission creates a danger that the jury might convict Mr. McLellan of aiding and abetting without finding this essential element satisfied.  The danger is especially grave in the present case where Mr. McLellan is not alleged to have personally made any of the purportedly false of fraudulent representations at issue.  The Court's instructions that "Mr. McLellan need not have committed the securities fraud or wire fraud, been present when it was performed, or been aware of the details of its execution" to be convicted, and that the jury may consider his "[m]ere presence at the scene of the securities fraud or wire fraud" exacerbate the problem.  Dkt. 466 at 40.

For the foregoing reasons, Mr. McLellan respectfully requests that this Honorable Court insert the requirement that Mr. McLellan took an affirmative act in furtherance of the crime into its Final Jury Charge on aiding and abetting.

Respectfully submitted,

Ross McLellan
By his Attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

**/s/ Robert M. Goldstein**
Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated: June 24, 2018

## **CERTIFICATE OF SERVICE**

  I, Martin G. Weinberg, hereby certify that on this date, June 24, 2018, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

               **/s/ Martin G. Weinberg**
               Martin G. Weinberg