1          UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
2

3     - - - - - - - - - - - - - - - - - - x

4     UNITED STATES OF AMERICA,              :

5          Plaintiff,                        :    Criminal Action No.
                                                  1:16-cr-10094-LTS
6          v.                                :

7     ROSS MCLELLAN,                         :

8          Defendant.                        :

9     - - - - - - - - - - - - - - - - - - x

10

11      BEFORE THE HONORABLE LEO T. SOROKIN, DISTRICT JUDGE

12
                          JURY TRIAL
13                         Day 15

14

15
                    Tuesday, June 26, 2018
16                        9:03 a.m.

17

18

19

20
      John J. Moakley United States Courthouse
21    Courtroom No. 13
      One Courthouse Way
22    Boston, Massachusetts

23
      Rachel M. Lopez, CRR
24    Official Court Reporter
      raeufp@gmail.com

25

```
1                    A P P E A R A N C E S

2     On behalf of the Plaintiff:

3          UNITED STATES ATTORNEY'S OFFICE - MASSACHUSETTS
           BY:  STEPHEN E. FRANK
4          John Joseph Moakley Courthouse
           One Courthouse Way, Suite 9200
5          Boston, Massachusetts  02210
           (617) 748-3244
6          stephen.frank@usdoj.gov

7
           UNITED STATES DEPARTMENT OF JUSTICE
8          BY:  WILLIAM JOHNSTON
           1400 New York Avenue, Northwest
9          Washington, D.C.  20005
           (202) 514-0687
10         william.johnston4@usdoj.gov

11

12    On behalf of the Defendant:

13         MARTIN G. WEINBERG, P.C.
           BY:  MARTIN G. WEINBERG
14         20 Park Plaza
           Suite 1000
15         Boston, Massachusetts  02116
           (617) 227-3700
16         owlmcb@att.net

17
           LAW OFFICES OF ROBERT M. GOLDSTEIN
18         BY:  ROBERT M. GOLDSTEIN
           20 Park Plaza
19         Suite 1000
           Boston, Massachusetts  02116
20         (617) 742-9015
           rmg@goldstein-lawfirm.com
21

22         LAW OFFICES OF MAKSIM NEMTSEV
           BY:  MAKSIM NEMTSEV
23         20 Park Plaza
           Suite 1000
24         Boston, Massachusetts  02116
           (347) 251-4800
25         mentsev@gmail.com
```

**P R O C E E D I N G S**

1
2          (In open court.)

3          THE DEPUTY CLERK:  The United States District Court

4     for the District of Massachusetts is now in session, the

5     Honorable Leo T. Sorokin presiding.

6          Today is June 26th, the case of United States vs.

7     Ross McLellan, criminal action 16-10094 will now appear

8     before this court.

9          THE COURT:  I see all counsel and Mr. McLellan.

10          Maria, go get the jury.

11          THE DEPUTY CLERK:  We're missing one.

12          THE COURT:  So much for their 8:30 plan.

13          THE DEPUTY CLERK:  We just said that.

14          THE COURT:  How long -- why don't you just go

15     double-check and see if they've arrived.

16          Now that you don't need your paralegals.  Just sent

17     them off to slave away in another case and don't let them

18     come listen to the verdict or questions or whatever things

19     the jurors have?

20          MR. FRANK:  They'll be back for that.

21          THE DEPUTY CLERK:  Not yet.  He'll give me a knock

22     on the door.

23          THE COURT:  Well, we'll stand in recess.  I'll just

24     wait back here.  I'm assuming the person will be here shortly

25     and we'll reconvene to bring them in.

1         THE DEPUTY CLERK:  All rise, this matter is in

2    recess.

3         (Court in recess at 9:04 a.m.

4         and reconvened at 9:08 a.m.)

5         THE COURT:  So one of the jurors, the missing

6    juror, called the jury office to report that she is running

7    late, her train was delayed, or some commuting problem.

8    She'll be here in about 15 minutes.  So we'll stand in recess

9    and I'll bring them in when she arrives.

10         The question is simply this.  If you're all

11   agreeable, I'll charge Ms. Simeone simply to go into the jury

12   room to say that the missing juror has called the jury office

13   to say that her train was delayed and she'll be here shortly,

14   so they know.  If you prefer, I'll bring the jury in and I'll

15   tell them what I told you, all in the courtroom.  I'm

16   relatively agnostic, if either of you has a preference.

17         MR. WEINBERG:  I leave it up to Your Honor's

18   discretion.

19         MR. FRANK:  Same, Your Honor.

20         THE COURT:  All right.  So Ms. Simeone, go into the

21   jury room, and simply explain to them that the missing juror

22   has called the jury office to relay the message that her

23   train was delayed in some fashion and she expects to be here

24   in approximately 15 to 20 minutes and so -- and that's it,

25   just so they know.

1          THE DEPUTY CLERK:  Okay.

2          MR. WEINBERG:  Does Your Honor think that they

3   should -- there should be some communication that they should

4   defer deliberation until the remaining juror arrives?

5          THE COURT:  I'm happy to bring them in to tell them

6   that, but I think that I was very clear in the instructions

7   that they're not allowed to deliberate without everybody and

8   that one of the foreperson's role -- one of the person's

9   roles is to -- responsibility is to make sure that happens.

10  If you want me to bring them in to say that to them, I'm

11  happy to do that, but I don't think it's necessary, given the

12  instructions.

13         THE DEPUTY CLERK:  They said thank you for letting

14  them know.

15         THE COURT:  Okay.  All right.  So we'll stand in

16  recess.  Ms. Simeone has your numbers.  I figure, if nothing

17  else, come back in, say, 20 minutes, and by then this juror

18  should be here and I'll bring them all in just to be sure

19  they've been complying with all the instructions.

20         THE DEPUTY CLERK:  This matter is in recess.

21         (Court in recess at 9:10 a.m.

22         and reconvened at 9:26 a.m.)

23         THE DEPUTY CLERK:  The McLellan matter is back in

24  session.

25         THE COURT:  You can be seated.

1          Maria, go get the jury.

2          MR. WEINBERG:  Trying to catch up on the Supreme

3    Court opinions.  This is the Fourth Amendment case --

4          THE COURT:  Oh, about the cell sites?

5          MR. WEINBERG:  Yeah.  Four dissenting opinions,

6    over 100 pages, interesting.

7          THE DEPUTY CLERK:  All rise for the jury.

8          (The jury enters the courtroom.)

9          THE COURT:  Good morning, ladies and gentlemen.  So

10   nobody discussed the case outside the jury room with anyone

11   or did any independent research, or otherwise followed all my

12   instructions about only discussing the case when you're all

13   present in the jury room?

14         Good.  All right.  So I'll send you back to

15   continue your deliberations and thank you.  All rise for the

16   jury.

17         (The jury exits the courtroom.)

18         THE COURT:  So just so you're not surprised,

19   there's a couple pending motions on the docket that I've

20   ruled on all the issues, but the docket still shows them as

21   pending, so you'll probably see an electronic order today

22   resolving some of those things, just essentially saying in

23   one form or another, given what I said in the courtroom,

24   you're --

25         Well, it's impressive you're reading all the

1    Supreme Court decisions.  I have to catch up on all my cases

2    before I get to read anything the Supreme Court has written

3    in the last few days.  That's what happens when you get to

4    have five law clerks.

5              Anything else before we adjourn?

6              MR. WEINBERG:  Thank you, Judge.

7              THE COURT:  Okay.  See you later.

8              THE DEPUTY CLERK:  This matter is in recess.

9              (Court in recess at 9:29 a.m.

10             and reconvened at 12:31 p.m.)

11             MR. WEINBERG:  Mr. McLellan is within minutes.  I

12   got him on the cell phone.

13             THE COURT:  I'll wait.  Can I tell you what the

14   issue is?

15             MR. WEINBERG:  Sure.

16             THE COURT:  It's a minor issue.

17             So the jurors asked the CSO if they could go

18   outside.  I don't think they -- it's my understanding is they

19   want a break to go walk around or -- I don't know for what

20   purpose or why, other than that's what they would like.  I do

21   not understand it as a request that they wish to resume

22   deliberations on the courthouse lawn and I understand it

23   as -- from Ms. Simeone, that they simply want to go -- I have

24   no idea if they just want to go for the walk, because it's a

25   nice day or they want to look at their phones or what.

1          So I thought since it's not common practice that

2    this arises, to say the least -- I have not let them go or I

3    have not responded.  I wanted to -- I have a thought, which

4    I'll tell you, but I would like to know what your views are.

5    The thought would be, if you're both agreeable, I'm willing

6    to let them go, but I would bring them in here first to

7    explain to them that if they go out, whether they wanted to

8    go buy their own food or they want to go for a walk, or

9    whatever, there's no discussing the case among themselves,

10   either all 12 of them, or any subset.  That there's no

11   conducting any independent research, there's no talking about

12   the case at all when they're outside the jury room.  And if

13   they want -- but they're in charge of their schedule and if

14   they want to go out, they can do that.  And then when they

15   come back, when they're all back, they can resume

16   deliberations when they're all there.

17          I wouldn't -- unless -- I would be willing to bring

18   them back in when they're all together, but that seems

19   unnecessary.  But I wanted to see what you all -- so that

20   would be my thought if we let them go, subject to any

21   suggestions or objections that you have, but I didn't want to

22   do any of that without hearing from any of you, both of you.

23          MR. FRANK:  Your Honor, the only slight concern

24   that I would have is counsel and, more importantly, the

25   defendant are sort of out and about around the courthouse.

1    And nothing wrong with that, but if the jurors are out and

2    about around the courthouse, there is some potential for

3    people to run into each other and that would potentially be

4    problematic, even if only from an appearance standpoint.

5              THE COURT:  So Mr. McLellan, let me catch you up to

6    speed.

7              MR. MCLELLAN:  I'm sorry, Your Honor.

8              THE COURT:  That's quite all right.  The jurors

9    inquired, through the CSO, to Ms. Simeone, whether they could

10   take a break and go out for a few minutes.  And I was

11   explaining to the lawyers that that's somewhat unusual.  I

12   have not ever had that request before, that I can recall.

13   That I might be prepared to do it.  If I did, I'd bring them

14   all in and explain no discussing the case outside the jury

15   room, period, whether they're all 12 or whether there's two

16   of them or any number in between.  That, subject to that, and

17   no doing independent research, obviously, that they could

18   walk around the -- and then when they got back, they could

19   resume deliberations, once all 12 of them were back.

20             Mr. Frank raised -- not so much an objection, but a

21   concern, which is that he points out that you and your

22   lawyers -- and in fairness, it may be the agent, I don't

23   know, where he's spending his time, or I imagine there's no

24   other witnesses from the case who are still here.  But

25   certainly, the six of you have all been here every day.

1          They recognize, I'm sure all of you, and you are

2     all conceivably, even if you back up in the US Attorney's

3     office, you could be wondering around.  And he points out

4     that there could be an appearance issue, if they bump into

5     any one of the six of you, really and that is an issue.  I

6     thought about that a little bit.

7          I have two thoughts about that, though I'm curious,

8     and respect whatever -- any positions you both take.  One is

9     that, to some extent, we have that risk at the beginning and

10    end of every day.  In other words, they're coming in and out,

11    all of you are coming in and out of the building, you know,

12    maybe at the same times, maybe at different times, so there's

13    a certain amount of risk in any trial, and especially a

14    longer one, of the chance of bumping into Mr. McLellan,

15    defense counsel, some of you, not so much any more a witness,

16    but could have been, or the agent.  So there is some

17    appearance issue.  So I think with the instructions, we could

18    ameliorate that.

19         The second is we could -- I could -- you could all

20    decide to stay inside the building until they return and then

21    I can let them go if you wanted, if that's a concern.

22         MR. FRANK:  I think that's a good solution.  We

23    could sequester ourselves for however long they are out.

24         MR. WEINBERG:  I would have the alternative.  If

25    Mr. Frank wants to go outside, he's welcome to go outside,

1    we're all adults, we know how to behave, there's been no

2    contact with jurors, and there'd been no more likely contact

3    with jurors than at 7:30 or 8 o'clock in the morning.

4            You know, Mr. McLellan has been a responsible

5    defendant --

6            THE COURT:  I got -- I have no issues with how --

7    nobody has brought anything to my attention that suggests

8    that Mr. McLellan or anyone else in this case has --

9            MR. WEINBERG:  He's got four young children, he's

10   not surrounded himself with them and they're not outside the

11   courtroom, and I think Mr. Frank can rest assured that Mr.

12   McLellan will continue to present himself like a responsible

13   adult.

14           THE COURT:  So what's the bottom line?

15           MR. WEINBERG:  I think it's totally within Your

16   Honor's discretion.  I have absolutely no objection.  I might

17   add that the jurors should, you know, agree on a time, at

18   their discretion, when to come back.

19           THE COURT:  Agree on a time.  They mentioned,

20   apparently, to Ms. Simeone, 15 minutes.

21           MR. FRANK:  To be clear, Your Honor, I'm not

22   suggesting anything improper --

23           THE COURT:  I understand.

24           MR. FRANK:  -- by anyone, but there is an

25   appearance issue.  And frankly, a juror could see something,

1    even if it's entirely proper, and draw some conclusion from

2    it one way or the other, and it's just best avoided.

3            MR. WEINBERG:  Did they say 15 minutes?

4            THE COURT:  Yeah, I don't think they're going for

5    two hours.

6            MR. WEINBERG:  Oh, if it's a short period, I have

7    no problems.

8            THE COURT:  I think what I will just suggest is all

9    of you stay within the building for a period.

10           Maria, why don't you bring them in, and I'll

11   explain.

12           (Discussion off the record.)

13           THE COURT:  Do either of you object to me telling

14   them that going out in the middle of the day is not common or

15   typical?

16           MR. WEINBERG:  No objection.

17           MR. FRANK:  No objection, Your Honor.  If they

18   start asking for birthday cakes like that other jury, then we

19   have --

20           THE COURT:  Yeah, no.

21           (The jury enters the courtroom.)

22           THE COURT:  Please be seated.  So I understand from

23   Ms. Simeone that you all want to take a break for something

24   like 15 minutes, go outside, do whatever.  That's correct.

25   Okay.  So let me just explain why I didn't just respond to

1    Ms. Simeone to what probably to you seems like a perfectly

2    ordinary request.  Which is it's just unusual in a sense that

3    no one has ever asked me that before and so I wanted to just

4    consult with the lawyers before I responded.  That's why I

5    took a few minutes to gather everybody and the like.

6           So the short answer is, yes, you can do that.

7    Okay.  Not a problem.  Just a couple things to remember.

8    One, you're not allowed to deliberate outside the jury room.

9    So the only deliberations happen in the jury room, which

10   means even if all 12 of you are together, you're not allowed

11   to deliberate on the courthouse lawn.  It's a beautiful spot,

12   I understand it's a beautiful day.  There's no deliberations

13   outside.  The only deliberations can occur in the jury room,

14   when the door is shut, and when you're all there.  That's

15   number one.

16          Number 2, you can't discuss the case when you're

17   outside of the jury room.  So you can't discuss the case even

18   if it's all 12 of you in the elevator.  You can't discuss the

19   case among yourselves if there's two of you or three of you

20   or seven of you, no discussion about the case outside the

21   jury room.  And obviously, no independent research.

22          So it's really the same rules that would apply at

23   the end of the day, like at the end of yesterday and before

24   you came in today, but I just remind you a little bit more,

25   because it's not like elementary school where maybe the

1     teacher will move class outside, you don't get to go outside

2     to deliberate.  The only deliberations happen in here.

3              The last thing I just ask is that some -- you

4     decide, but some defined amount of time, so you're all

5     roughly back at the same time, and that you -- and a reminder

6     that no deliberations back in the jury room until everybody

7     has returned, to the extent you all go together.

8              All right.  So I'm -- understood from Ms. Simeone

9     that what you wanted was something like 15 minutes.  So I'll

10    figure that -- I'll assume it's something -- it's 15, it

11    might spill into 20 or 25, but it wouldn't be much more than

12    that.  Is that fair?  Okay.

13             Yes?

14             THE JUROR:  Do we need to come back in here?

15             THE COURT:  No, you do not need to come back to see

16    me.  You can go right back -- go directly back to the jury

17    room.  And when -- that's why I just remind you, when you're

18    all there, then you can resume, when all 12 of you are there,

19    but, no.  You don't need to come back to see me.  Okay.

20             All rise -- I should tell you once you're here,

21    unless I hear from you, then at 5 o'clock, I'll bring you in

22    and I'll send you home for the day at 5:00, unless you tell

23    me that you wanted to leave earlier, like you did yesterday

24    or you wanted to stay later.  You're ultimately in charge of

25    the schedule, but that will be -- that's when you'll hear

1    from me.

2              Okay.  All rise for the jury.  Thank you.

3              (The jury exits the courtroom.)

4              THE COURT:  All right.  So I think the simplest,

5    practical solution, just to avoid -- like there are enough

6    potential issues in this case already, is if we all -- if you

7    figure it's 17 minutes to 1:00, if between now and 1:15,

8    you're in the building, you won't run into them, they're

9    going down the back elevators, they'll be going out the front

10   or the back.  If you're between the 2nd floor and up, you

11   won't run into them.  Stay between the second floor and up

12   and then we won't have to find out that somebody ran into

13   somebody and then spend time finding out that probably it was

14   nothing, but maybe it was whatever.  We don't have to look

15   into it and it will make all of our lives easier.

16             Sounds good?

17             MR. WEINBERG:  Sounds good.

18             THE COURT:  All right.  And I will abide by the

19   same.

20             MR. WEINBERG:  1:15 is okay for us to --

21             THE COURT:  Go back outside at 1:15.  It will still

22   be sunny then, I promise.

23             MR. WEINBERG:  Thanks, Judge.

24             THE DEPUTY CLERK:  This matter is in recess.

25             (Court in recess at 12:45 p.m.

1               and reconvened at 2:10 p.m.)

2               THE DEPUTY CLERK:  All rise.  The McLellan matter

3       is back in session.

4               THE COURT:  All right.  So I understand from

5       Ms. Simeone that the CSO reports that they have a verdict.

6               Maria.

7               (The jury enters the courtroom.)

8               THE COURT:  I understand you have a verdict.

9               THE JUROR:  Yes.

10              THE COURT:  All right.  Ms. Simeone.

11              It all appears in order.  You can publish it.

12              THE DEPUTY CLERK:  Mr. Foreperson, please listen to

13      your verdict as it is read into the Court.  In the case of

14      the United States vs. Ross McLellan, criminal action

15      16-10094, the verdict is as follows:

16              We, the jury, being unanimous, have reached the

17      following verdicts.  Count 1, conspiracy to commit offenses

18      against the United States, violation of Title 18 United

19      States Code, Section 371, guilty.

20              Count 2, securities fraud, violation of Title 15,

21      United States Code, Section 78j, guilty.

22              Count 3, guilty.

23              Count 4, wire fraud, guilty.

24              Count 5, wire fraud, guilty.

25              Count 6, wire fraud affecting a financial

1    institution, not guilty.

2              I certify that the above are the unanimous answers

3    of the jury.

4              Mr. Foreperson, do you agree with the verdict as it

5    is read?

6              THE JUROR:  Yes.

7              THE COURT:  Either of you wish me to poll the jury?

8              MR. WEINBERG:  Yes, Your Honor.

9              THE COURT:  All right.

10             THE DEPUTY CLERK:  Members of the jury, when your

11   number is called, please answer yes or no as to whether or

12   not you agree with the verdict as it was read.   Juror Number

13   1?

14             THE JUROR:  Yes.

15             THE DEPUTY CLERK:  Juror Number 2?

16             THE JUROR:  Yes.

17             THE DEPUTY CLERK:  Three?

18             THE JUROR:  Yes.

19             THE DEPUTY CLERK:  Four?

20             THE JUROR:  Yes.

21             THE DEPUTY CLERK:  Five?

22             THE JUROR:  Yes.

23             THE DEPUTY CLERK:  Six?

24             THE JUROR:  Yes.

25             THE JUROR:  Yes.

```
 1                 THE JUROR:  Yes.

 2                 THE DEPUTY CLERK:  Nine?

 3                 THE JUROR:  Yes.

 4                 THE JUROR:  Yes.

 5                 THE DEPUTY CLERK:  11?

 6                 THE JUROR:  Yes.

 7                 THE DEPUTY CLERK:  12?

 8                 THE JUROR:  Yes.

 9                 THE DEPUTY CLERK:  The jury has been polled.

10                 THE COURT:  All right.  Anything else, either

11       counsel, before I discharge the jury?

12                 MR. FRANK:  No, Your Honor.  Thank you.

13                 MR. WEINBERG:  No, Your Honor.

14                 THE COURT:  All right.  So ladies and gentlemen,

15       thank you very much for your service.  You are discharged

16       from your jury service.  That means you are free to go.  I

17       asked, though, though you are not required to, because your

18       service has concluded, that you -- when you return to the

19       jury room to gather your things that you wait for me.  I'd

20       like to personally thank each of you.  It's my practice in

21       every trial, to go back and personally thank each of the

22       jurors.  I appreciate the service that you've rendered.

23                 I'll be back in just a moment.  It will only take

24       me a minute or two before I am back and so I would ask that

25       you indulge me and just wait that amount of time, so I can do
```

1  that.

2          And although you're done with your jury service, as

3  one last sign of respect of the service that you've given, we

4  all rise for the jury.

5          (Jury exits the courtroom.)

6          THE COURT:  All right.  We need a date --

7          Well, first of all, any reason to change the

8  conditions.

9          MR. FRANK:  No, Your Honor.

10          THE COURT:  All right.  So McLellan, you remain

11  under the -- you are under conditions of release pending

12  trial.  Those same conditions continue to apply until the

13  sentencing or until such change, so all of that applied

14  before you walked in here, same when you walk out.

15          Do you understand that?

16          MR. MCLELLAN:  Yes, sir.

17          THE COURT:  Okay.  I need a date for sentencing,

18  which since I don't have Ms. Simeone, will take me a moment.

19          So it's normally 12 weeks, which would be

20  approximately September 26th, which, for various scheduling

21  reasons, would put it more like the beginning of October.

22          How about the -- Maria, 12 weeks would be the 26th

23  of September?  Is that what we're setting them out

24  ordinarily?

25          THE DEPUTY CLERK:  Yes.

1          THE COURT:  So how about the 10th?

2          THE DEPUTY CLERK:  About September 17th.

3          THE COURT:  I'm not here.  So how about

4     October 10th.

5          MR. WEINBERG:  That's fine.

6          THE COURT:  All right.  Is that fine for you, Mr.

7     Frank and Mr. Johnston?

8          MR. FRANK:  I may be in trial then, but that's

9     fine, Your Honor.  I'll figure it out.

10          THE COURT:  All right.  We'll say -- hold on.  Let

11     me just --

12          THE DEPUTY CLERK:  Did you say October 10th?

13          THE COURT:  Yes.  3 o'clock on October 10th.  All

14     right.

15          Is there anything else?

16          MR. FRANK:  Not for the Government, Your Honor.

17          MR. WEINBERG:  Not for the defense, Your Honor.

18          THE COURT:  Okay.  All right.  We're adjourned.

19     Thank you.

20          THE DEPUTY CLERK:  All rise, this matter is

21     adjourned.

22          (Court in recess at 2:17 p.m.)

23

24

25

**CERTIFICATE OF OFFICIAL REPORTER**

I, Rachel M. Lopez, Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 8th day of July, 2018.

/s/ RACHEL M. LOPEZ

_____
Rachel M. Lopez, CRR
Official Court Reporter