2018 WL 3615894
Only the Westlaw citation is currently available.
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 9th Cir. Rule 36-3.
United States Court of Appeals, Ninth Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey SPANIER, Defendant-Appellant.

No. 17-50128
|
Argued and Submitted July
12, 2018 Pasadena, California
|
Filed July 30, 2018

Appeal from the United States District Court for the Southern District of California, Roger T. Benitez, District Judge, Presiding, D.C. No. 3:16-cr-01545-BEN-1

**Attorneys and Law Firms**

Joseph Orabona, Assistant U.S. Attorney, Nicole Ries Fox, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, Peter Ko, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Timothy Allen Scott, Attorney, Scott Trial Lawyers, San Diego, CA, for Defendant-Appellant

Before: IKUTA and N.R. SMITH, Circuit Judges, and McNAMEE,[*] District Judge.

MEMORANDUM[**]

**\*1** Jeffrey Spanier appeals his convictions for mail fraud, wire fraud, securities fraud, and conspiracy to commit those crimes. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for a new trial.

1. We agree with Spanier that the district court erred in failing to instruct the jury on the omissions theory of fraud and the duty to disclose. When the government bases a fraud charge on material non-disclosures, the trial court must instruct the jury that a non-disclosure can only support a fraud charge when the defendant has a duty to disclose the omitted information. *United States v. Shields*, 844 F.3d 819, 822-23 (9th Cir. 2016).[1] That rule is not limited to "pure omissions" cases, where the allegations of fraud are only based on non-disclosures. *See id.* at 823.

Here, the indictment, the district court's summary of the case to the jury, the jury instructions, and the evidence presented at trial show that the government's fraud case was based on affirmative misrepresentations, half-truths, *and* omissions. Accordingly, reviewing *de novo*, *United States v. Cherer*, 513 F.3d 1150, 1154 (9th Cir. 2008), we conclude that the district court erred.

Having determined that the jury instructions were in error, we cannot affirm unless it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197 (9th Cir. 2000) (quoting *Neder v. United States*, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) ). We consider the outcome of a previous trial in our assessment of prejudice, and Spanier points to the favorable verdict in his first trial as persuasive evidence that the instructional error was not harmless. *See United States v. Thompson*, 37 F.3d 450, 454 (9th Cir. 1994) (reasoning that a hung jury in a previous trial is persuasive evidence that the district court's error affected the verdict in the second trial, where the jury convicted). At Spanier's first trial, the district court gave a jury instruction on the duty to disclose, and the jury acquitted Spanier on six counts and deadlocked on the rest. At Spanier's subsequent trials, the evidence presented was substantially the same, yet the district court did not give the instruction on the duty to disclose, and Spanier was convicted.[2] Accordingly, we are not convinced that the instructional error was harmless beyond a reasonable doubt. Therefore, we find the district court committed reversible error by not giving the omission instruction and vacate Spanier's convictions.

**\*2** 2. We reject Spanier's argument that the district court erred in refusing to dismiss the indictment as time-barred because the July 2016 indictment was not returned within 60 days of the date our mandate issued

in the previous appeal. The new indictment was returned within 60 days of the date the district court made its prejudice determination. Therefore, reviewing *de novo*, *United States v. Leo Sure Chief*, 438 F.3d 920, 922 (9th Cir. 2006), we conclude that the tolling provisions of 18 U.S.C. §§ 3288 and 3289 applied, and the July 2016 indictment was timely. *See* 18 U.S.C. §§ 3288, 3289 (permitting the government to return a new indictment within six months of a dismissal, or, in the event of an appeal, within sixty days of the date the dismissal becomes final).

3. We also reject Spanier's contention that even if the July 2016 indictment was timely under sections 3288 and 3289, the government could not rely on that indictment to toll the statute of limitations for the October 2016 indictment because the October 2016 indictment did not "relate back." The government may rely on a prior indictment to toll charges in a subsequent indictment if the subsequent indictment is returned while the prior indictment is pending and the allegations in the subsequent indictment do not broaden or substantially amend the charges in the prior indictment. *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013). "The central concern in determining whether the counts in a superseding indictment should be tolled based on similar counts included in the earlier indictment is notice." *Id.* at 997.

Both the July and October 2016 indictments describe the same conspiracy to defraud investors during the same general time frame. The addition of six overt acts from July and August 2011 simply provide additional details regarding the actions that Spanier and his coconspirators allegedly took to perpetuate the fraud. Accordingly, reviewing *de novo*, *Leo Sure Chief*, 438 F.3d at 922, we conclude that the October 2016 indictment did not broaden or substantially amend the charges.

4. We also reject Spanier's argument that the district court abused its discretion in dismissing the indictment without prejudice after we found a Speedy Trial Act violation. The district court considered the requisite factors in 18 U.S.C. § 3162(a)(2), and its conclusions are supported by the record. Accordingly, the district court did not abuse its discretion in dismissing the indictment without prejudice. *See United States v. Lewis*, 611 F.3d 1172, 1180 (9th Cir. 2010); *United States v. Medina*, 524 F.3d 974, 986-88 (9th Cir. 2008).

5. We also reject Spanier's argument that the district court erred in refusing to give a jury instruction about withdrawal from a conspiracy. "A defendant is entitled to jury instructions reflecting the theory of defense as long as they are supported by the law and have some foundation in the evidence." *United States v. Lothian*, 976 F.2d 1257, 1267 (9th Cir. 1992). "To withdraw from a conspiracy a defendant must either disavow the unlawful goal of the conspiracy, affirmatively act to defeat the purpose of the conspiracy, or take definite, decisive, and positive steps to show that the defendant's disassociation from the conspiracy is sufficient." *Id.* at 1261 (internal quotation marks and alterations omitted). We conclude that the district court did not abuse its discretion when it denied the requested jury instruction on the grounds that there was no factual basis for the defense. *See id.* at 1267; *United States v. Perdomo-Espana*, 522 F.3d 983, 986 (9th Cir. 2008).

6. We also reject Spanier's argument that the district court erred in refusing to give a multiple conspiracies jury instruction. "A defendant is entitled to a multiple conspiracies instruction 'where the indictment charges several defendants with one overall conspiracy, but the proof at trial indicates that a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment.' " *United States v. Torres*, 869 F.3d 1089, 1101 (9th Cir. 2017) (quoting *United States v. Anguiano*, 873 F.2d 1314, 1317 (9th Cir. 1989) ) (emphasis omitted). "[A] multiple conspiracies instruction is generally designed for trials involving multiple defendants engaged in multiple conspiracies, not for trials of lone defendants who are worried that the jury may not agree upon the same set of facts." *Anguiano*, 873 F.2d at 1318.

**\*3** Reviewing *de novo*, *id.* at 1317, we conclude that the district court did not err because the government alleged one continuing conspiracy in which Spanier used several funding sources, and no jury could reasonably conclude that Spanier was only involved in a separate conspiracy unrelated to the overall conspiracy charged in the indictment.

7. We also reject Spanier's argument that the district court committed structural error when it admonished the jurors not to discuss deliberations with counsel. Structural errors include, among other things, the denial of counsel of one's

choice, racial discrimination in grand jury selection, and proceeding before a conflicted or biased judicial officer. *Frost v. Van Boening*, 757 F.3d 910, 915 (9th Cir. 2014) (en banc), *reversed on other grounds by Glebe v. Frost*, ––– U.S. ––––, 135 S.Ct. 429, 190 L.Ed.2d 317 (2014). These rare types of errors "infect the entire trial process" and render it fundamentally unfair, requiring automatic reversal of the conviction. *See Petrocelli v. Baker*, 869 F.3d 710, 732 (9th Cir. 2017) (citation omitted). Reviewing *de novo*, *United States v. Waters*, 627 F.3d 345, 359 (9th Cir. 2010), we conclude that the district court's admonition did not rise to the level of structural error.

Each party will bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED and REMANDED.**

**All Citations**

--- Fed.Appx. ----, 2018 WL 3615894

Footnotes

\*      The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

\*\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1       The government argues that we are bound by another panel's previous ruling rejecting Spanier's challenge to the jury instructions. *See United States v. Spanier*, 637 F. App'x 998, 1000-01 (9th Cir. 2016). "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988). However, reexamination is permitted if "controlling authority has made a contrary decision of law applicable to such issues." *Id.* (quoting *Kimball v. Callahan*, 590 F.2d 768, 771-72 (9th Cir. 1979) ). We conclude that *Shields* is such authority.

2       The government argues that the testimony of a new cooperating witness led to the different result at the subsequent trials. But, that witness repeatedly denied wrongdoing and never fingered Spanier as a participant in a fraudulent scheme.

---

**End of Document**     © 2018 Thomson Reuters. No claim to original U.S. Government Works.