UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10094-LTS |
| | ) | |
| ROSS MCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

The government respectfully submits this response to the defendant's notice of supplemental authority in support of his motion for a new trial.  Dkt. 505.

The defendant contends that the Ninth Circuit's recent, unpublished decision in United States v. Spanier, No. 17-50128, 2018 WL 3615894, at *1 (9th Cir. July 30, 2018), supports "the defense contention that half-truths are subject to the legal requirements for omissions."  Dkt. 505, at 1.  That is not quite right—but it is, in any event, irrelevant.

As an initial matter, the Spanier Court specifically maintained the distinction between what it called "pure omissions" cases and "half-truths" cases.  2018 WL 3615894, at *1.  In the context of a case that it described as "based on affirmative misrepresentations, half-truths, *and* omissions," the Ninth Circuit concluded that "the trial court must instruct the jury that a non-disclosure can only support a fraud charge when the defendant had a duty to disclose the omitted information."  Id. (emphasis original).

In its opposition to McLellan's motion for a new trial, the government cited the trial court's decision in Spanier for the limited proposition that "[a]n omissions case is where the defendant does not speak about the fraud at all (he omits everything).  In an omissions case a

defendant may commit fraud by mere silence, but only if an independent duty to speak exists." United States v. Spanier, No. 16-CR-1545-BEN, 2017 WL 1336998, at *2 (S.D. Cal. Apr. 7, 2017). "In contrast to an omissions case, in a half-truths case the duty to disclose arises from the truth already half-spoken." Id.  See Dkt. 501 at 17.  The Ninth Circuit's decision in no way alters that distinction.  It simply finds that, because the case was about "affirmative misrepresentations, half-truths, *and* omissions," 2018 WL 3615894, at *1, the district court was obligated to instruct the jury that a material non-disclosure is fraud only in the presence of a duty to disclose.

This Court did exactly that.  It instructed the jury as follows:

> A deceitful statement of half-truths or the concealment of material facts may also constitute fraud under the statute, if such half-truth or concealment was intended to be misleading.  However, *there is no general legal duty to disclose fixed income commissions, spreads, or markups or markdowns in the absence of some other representation. You may not convict Mr. McLellan solely based on the taking of undisclosed revenues.*

Dkt. 466 at 27-28.  That instruction was, accordingly, correct and entirely consistent with Spanier.

Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER | ANDREW E. LELLING |
| Acting Chief, Fraud Section | United States Attorney |
| Criminal Division | |
| | |
| By: /s/ William E. Johnston | By: /s/ Stephen E. Frank |
| WILLIAM E. JOHNSTON | STEPHEN E. FRANK |
| Trial Attorney | Assistant U.S. Attorney |

### CERTIFICATE OF SERVICE

I certify that on August 1, 2018, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

/s/ Stephen E. Frank
STEPHEN E. FRANK