AO 245B (Rev. 11/16)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  7  of  7

DEFENDANT: Ross McLellan
CASE NUMBER:  1: 16 CR 10094  - 1  - LTS

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or   ☒ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

  payment of the fine shall begin immediately and shall be made according to the requirements of the Federal Bureau of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and according to a court-ordered repayment schedule during the term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Attachment (Page 1) — Statement of Reasons

DEFENDANT: Ross McLellan
CASE NUMBER: 1:16-cr-10094-1-LTS
DISTRICT: Massachusetts

## STATEMENT OF REASONS
(Not for Public Disclosure)

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

I. **COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

   A. ☒ **The court adopts the presentence investigation report without change.**

   B. ☐ **The court adopts the presentence investigation report with the following changes.** *(Use Section VIII if necessary)*
   *(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report.)*

   1. ☐ **Chapter Two of the United States Sentencing Commission Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

   2. ☐ **Chapter Three of the United States Sentencing Commission Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

   3. ☐ **Chapter Four of the United States Sentencing Commission Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

   4. ☐ **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

   C. ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
   Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)* _____

II. **COURT FINDING ON MANDATORY MINIMUM SENTENCE** *(Check all that apply)*

   A. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

   B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

   ☐ findings of fact in this case: *(Specify)*

   ☐ substantial assistance (18 U.S.C. § 3553(e))
   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

   C. ☒ No count of conviction carries a mandatory minimum sentence.

III. **COURT DETERMINATION OF GUIDELINE RANGE:** *(BEFORE DEPARTURES OR VARIANCES)*

   Total Offense Level: __35__
   Criminal History Category: __I__
   Guideline Range: *(after application of §5G1.1 and §5G1.2)* __168__ to __210__ months
   Supervised Release Range: __1__ to __3__ years
   Fine Range: $ __40,000__ to $ __10,000,000__

   ☐ Fine waived or below the guideline range because of inability to pay.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case                                                              Not for Public Disclosure
Attachment (Page 2) — Statement of Reasons

---

DEFENDANT: Ross McLellan
CASE NUMBER: 1:16-cr-10094-1-LTS
DISTRICT: Massachusetts

# STATEMENT OF REASONS

### IV. GUIDELINE SENTENCING DETERMINATION *(Check all that apply)*

A. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

B. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*

C. ☒ The court departs from the guideline range for one or more reasons provided in the Guidelines Manual.
*(Also complete Section V.)*

D. ☐ The court imposed a sentence otherwise outside the sentencing guideline system (i.e., a variance). *(Also complete Section VI)*

### V. DEPARTURES PURSUANT TO THE GUIDELINES MANUAL *(If applicable)*

A. **The sentence imposed departs:** *(Check only one)*
☐ above the guideline range
☒ below the guideline range

B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*

1. **Plea Agreement**
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2. **Motion Not Addressed in a Plea Agreement**
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected
☐ joint motion by both parties

3. **Other**
☒ Other than a plea agreement or motion by the parties for departure

C. **Reasons for departure:** *(Check all that apply)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 | Unauthorized Insignia |
| | | | | | | ☐ | 5K3.1 | Early Disposition Program (EDP) |

☒ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*
pursuant to 2B1.1 application note 20(c)

D. **State the basis for the departure.** *(Use Section VIII if necessary)*

AO 245B (Rev. 11/16)   Judgment in a Criminal Case                                                                    Not for Public Disclosure
                        Attachment (Page 3) — Statement of Reasons

DEFENDANT: Ross McLellan
CASE NUMBER: 1:16-cr-10094-1-LTS
DISTRICT: Massachusetts

# STATEMENT OF REASONS

VI. **COURT DETERMINATION FOR A VARIANCE** *(If applicable)*
  A. **The sentence imposed is:** *(Check only one)*
      ☐ above the guideline range
      ☒ below the guideline range

  B. **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
      1. **Plea Agreement**
          ☐ binding plea agreement for a variance accepted by the court
          ☐ plea agreement for a variance, which the court finds to be reasonable
          ☐ plea agreement that states that the government will not oppose a defense motion for a variance
      2. **Motion Not Addressed in a Plea Agreement**
          ☐ government motion for a variance
          ☐ defense motion for a variance to which the government did not object
          ☐ defense motion for a variance to which the government objected
          ☐ joint motion by both parties
      3. **Other**
          ☒ Other than a plea agreement or motion by the parties for a variance

  C. **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
      ☒ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1)
          ☐ Mens Rea                     ☐ Extreme Conduct              ☐ Dismissed/Uncharged Conduct
          ☐ Role in the Offense          ☐ Victim Impact
          ☐ General Aggravating or Mitigating Factors *(Specify)* _____
      ☒ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
          ☐ Aberrant Behavior            ☐ Lack of Youthful Guidance
          ☐ Age                          ☐ Mental and Emotional Condition
          ☐ Charitable Service/Good      ☐ Military Service
            Works
          ☐ Community Ties               ☐ Non-Violent Offender
          ☐ Diminished Capacity          ☐ Physical Condition
          ☐ Drug or Alcohol Dependence   ☐ Pre-sentence Rehabilitation
          ☐ Employment Record            ☐ Remorse/Lack of Remorse
          ☐ Family Ties and              ☐ Other: (Specify)
            Responsibilities
          ☐ Issues with Criminal History: *(Specify)* _____
      ☐ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
      ☐ To afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
      ☐ To protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
      ☐ To provide the defendant with needed educational or vocational training (18 U.S.C. § 3553(a)(2)(D))
      ☐ To provide the defendant with medical care (18 U.S.C. § 3553(a)(2)(D))
      ☐ To provide the defendant with other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
      ☐ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) (Specify in section D)
      ☐ To provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))
      ☐ Acceptance of Responsibility   ☐ Conduct Pre-trial/On Bond   ☐ Cooperation Without Government Motion for
      ☐ Early Plea Agreement           ☐ Global Plea Agreement           Departure
      ☐ Time Served *(not counted in sentence)*  ☐ Waiver of Indictment  ☐ Waiver of Appeal
      ☐ Policy Disagreement with the Guidelines *(Kimbrough v. U.S., 552 U.S. 85 (2007): (Specify)* _____

      ☐ Other: *(Specify)* _____

  D. **State the basis for a variance. (Use Section VIII if necessary)**

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Attachment (Page 4) — Statement of Reasons

Not for Public Disclosure

DEFENDANT: Ross McLellan
CASE NUMBER: 1:16-cr-10094-1-LTS
DISTRICT: Massachusetts

## STATEMENT OF REASONS

**VII. COURT DETERMINATIONS OF RESTITUTION**

A. ☒ Restitution Not Applicable.

B. Total Amount of Restitution: $ _____

C. Restitution not ordered: *(Check only one)*

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or . 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5))
5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
6. ☐ Restitution is not ordered for other reasons. *(Explain)*

D. ☐ Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

**VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE** *(If applicable)*

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 1972
Defendant's Residence Address: 12 Whitcomb Lane Hingham, Massachusetts 02043
Defendant's Mailing Address: 12 Whitcomb Lane Hingham, Massac

Date of Imposition of Judgment: 10/16/2018

Signature of Judge
Leo T. Sorokin, United States District Judge
Name and Title of Judge
Date Signed Oct. 17, 2018