UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
          v.                        )     Criminal No. 16-10094-LTS
                                    )
ROSS MCLELLAN                       )     **Filed Under Seal**
                                    )     Leave to File Granted
                                    )     Jan. 7, 2021 (Dkt. 593)
                                    )
          Defendant.                )
_____ )

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 10, 2020 ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The government respectfully files this response to defendant Ross McLellan's motion for reconsideration of the Court's December 10, 2020 order denying his motion for compassion release.

McLellan seeks reconsideration of the Court's denial of his motion principally on the basis of two facts: (1) that the Bureau of Prisons ("BOP") approved his designation to home confinement effective January 14, 2021, but delayed the implementation of that designation as the result of a moratorium on prisoner releases from FMC-Devens; and (2) since the denial of his motion, there has been an outbreak of COVID-19 among prisoners and staff at FMC-Devens that places his health at risk.

In response to those contentions, and to the Court's Order of today's date, Dkt. 590, the government has inquired of BOP staff about the situation at FMC-Devens and provides the following information:

McLellan is correct that BOP originally designated him for home confinement effective January 14, 2021, and that it later delayed the effective date of the designation. FMC-Devens staff,

who regularly review inmates for placement, identified McLellan as a possible candidate for home confinement following a progress review on or about November 30, 2020, and the facility's Warden approved the designation on or about December 9, 2020.  This Court denied McLellan's motion for compassionate release the following day, noting that "[n]othing in the record suggests that McLellan is currently exposed to unduly harsh or excessively risky conditions of confinement such that the Court would deem it necessary to reweigh the § 3553(a) factors on that basis." Dkt. 586 at 4.  Thereafter, BOP's Regional Re-Entry Manager's office, which determines placement dates on the basis of available resources for community monitoring, ordered a placement date of January 14, 2021.

Last week, however, BOP placed FMC-Devens under a movement moratorium through the end of January.  The moratorium prevents the facility from transferring inmates to other institutions or to community placement, and prevents it from accepting new inmates except in limited exceptions.  On the basis of the moratorium, the Regional Re-Entry Manager's office postponed McLellan's placement date to February 8, 2021.

McLellan is also correct that there has been a recent surge in COVID cases at the main prison facility at FMC-Devens.  As of today's date, according to the BOP website, 268 inmates and 14 staff at FMC-Devens have tested positive for COVID-19.  There has been no surge, however, at the camp where McLellan is housed, which is located approximately one mile away from the main prison facility, and no inmates at the camp are currently positive for COVID-19.



Finally, McLellan is correct that camp inmates are working at a warehouse and cleaning the lobby and the offices in the warden's complex. However, any camp inmates, staff, or delivery

people in those areas are required to be masked at all times and to keep socially distant to the extent possible. Inmates from the main institution are never in those areas. Visitation to the prison has also been suspended.

While the government remains sensitive to McLellan's health concerns, the government respectfully submits that, notwithstanding the increase in COVID-19 cases at the adjacent prison, there has been no material change in the conditions of McLellan's confinement, or the risks at the camp facility where he is housed, that would warrant revisiting this Court's previous denial of his motion for compassionate release. McLellan is, as noted, currently scheduled to be released on or about February 8, and to be quarantined for two weeks prior to that date in compliance with BOP policy. At that point, he will have served a term of incarceration of approximately 7 months, or approximately 39 percent of the sentence this Court imposed.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that McLellan's motion for reconsideration or, in the alternative, for a reduction of his sentence be denied.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Stephen E. Frank
STEPHEN E. FRANK
Assistant U.S. Attorney

Date: January 7, 2021

**CERTIFICATE OF SERVICE**

    I, Stephen E. Frank, hereby certify that on January 7, 2021, I served a copy of the foregoing on counsel of record in this case by electronic filing.

                                                       /s/ *Stephen E. Frank*
                                                       STEPHEN E. FRANK
                                                       Assistant U.S. Attorney